(No. 50121

*In re* JOHN THOMAS SNEED, a Minor.—(The People of the State of Illinois, Appellant, v. John Thomas Sneed, a Minor, Appellee.)

*Opinion filed September 19, 1978.*

William J. Scott, Attorney General, of Springfield, and Beranrd Carey, State's Attorney, of Chicago (Donald B. Mackay and Melbourne A. Noel, Jr., Assistant Attorneys General, of Chicago, and Lee T. Hettinger, Linda Ann Miller, and Gary W. Adair, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Dennis E. Urban and Francis Sowa, Assistant Public Defenders, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

The circuit court found that the minor, John Thomas Sneed, had violated his probation and committed him to the Department of Corrections. Sneed appealed the commitment and the appellate court reversed. (48 Ill. App. 3d 364.) We allowed the State's petition for leave to appeal.

On April 2, 1974, a petition was filed charging the minor with aggravated battery, two counts of battery, and criminal damage to property. At a hearing on April 25, 1974, the minor was found to be a delinquent, and on June 20 he was placed on probation for 6 months in accordance with section 5—2(1)(a) of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 705—2(1)(a)). On August 30, 1974, a petition for supplemental relief was filed alleging that the respondent had left his home on August 29 without his parents' consent.

On November 11, 1974, another petition for supplemental relief was filed, this time charging the minor with assault by threatening to kill an individual. On November 26, 1974, the assault petition was dismissed on the State's motion and the court extended probation to January 16, 1975. On December 20, the original 6-month probation term expired.

On January 16, 1975, the court reviewed the social

report and recommendation which had been filed. After discussing the possibility of awarding guardianship to an officer of the Department of Children and Family Services, the court again extended the probation to May 15, 1975.

On April 19, 1975, however, a third petition for supplemental relief was filed by the State, alleging that the minor had committed attempted rape on April 18. A hearing was held the same day and the State reduced the charge of attempted rape to battery. The minor admitted the battery, and the court found that he had violated probation. The judge ordered a supplemental social investigation and scheduled a hearing for May 15. At the hearing on May 15, after reviewing the recommendations of the public defender, assistant State's Attorney, and the probation officer, the court revoked the minor's probation and ordered him committed to the Department of Corrections.

The appellate court, on review, held that the circuit court had acted without authority in extending probation on November 26 without holding a hearing and without a finding that Sneed had violated a condition of probation. It reasoned that since the circuit court had no authority to extend probation on November 26, the probation had terminated on December 20, 1974, and thus the court had no jurisdiction to thereafter further extend probation or to thereafter revoke probation. Since the respondent was no longer on probation on April 18, 1975, the appellate court concluded that the circuit court had acted erroneously in finding that the minor had violated probation as alleged in the petition for supplemental relief filed April 19, 1975, charging the minor with attempted rape on April 18, 1975.

On appeal to this court, the State contends that the extensions were valid even though the court did not find a violation of probation. It contends that once a minor has been adjudicated a ward of the court he remains a ward until final closing under section 5—11 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 705—11).

Section 5—11 provides that wardship terminates when the minor reaches the age of 21 years or when the court specifically orders termination. Since neither occurred in the present case, and since the 6-month probation order did not expressly provide for automatic termination, the respondent would still be a ward of the court even after December 20, 1974. As such, the court, under section 5—2(3), would have the power to modify its disposition without a hearing or finding of violation. Section 5—2(3) provides:

> "Unless the order of disposition expressly so provides, it does not operate to close proceedings on the pending petition, but is subject to *modification* until final closing and discharge of the proceedings under Section 5—11." (Emphasis added.) (Ill. Rev. Stat. 1973, ch. 37, par. 705—2(3).)

The State's argument is that the two extensions of probation, on November 26, 1974, and on January 16, 1975, were both proper modifications of disposition under section 5—2(3), and that since probation was validly extended to May 15, 1975, the court's later finding that Sneed had violated probation in April was proper. The State emphasizes that once a minor has been found to be a ward of the court, all dispositions are indeterminate and subject to modification under section 5—2(3).

We do not agree with the State that section 5—2(3) of the Act (Ill. Rev. Stat. 1973, ch. 37, par. 705—2(3)) authorizes the extension of probation without a hearing and finding of probation violation. Section 5—2 is a comprehensive enumeration of all the possible dispositional orders under the Act. The specific dispositions for minors found to be delinquent include probation, conditional discharge, placement, drug-addiction treatment, commitment to the Department of Children and Family Services, and commitment to the Department of Corrections. Subsection 5—2(3) of the Act merely provides

that dispositional orders may be modified until final closing by specific order of the court or until the minor reaches the age of 21 years. However, in our view, section 5—2(3) is merely a general statement allowing modification; it does not specify how or when dispositions may be modified. The State's interpretation that this section authorizes modification of all dispositions on the court's motion alone is inconsistent with other provisions of the Act.

Such a construction would effectually abrogate all other procedural safeguards of the Act. This is most clearly illustrated by section 5—3 of the Act, which sets out in detail the guidelines for imposing probation and handling violations of its conditions. Subsections 3 through 8 dictate the specific procedures for determining probation violations and require that notice and hearing be afforded the probationer. The State has the burden of proving the violation by a preponderance of the evidence and the minor is guaranteed the right of confrontation, cross-examination, and representation by counsel. Section 5—3(6) specifies the authority of the court following the hearing:

> "After a hearing, the court may modify or enlarge the conditions of probation or of conditional discharge. *If the court finds that the minor has violated a condition* at any time prior to the expiration or termination of the period of probation or conditional discharge, it *may continue him on the existing disposition,* with or without modifying or enlarging the conditions, or may revoke probation or conditional discharge and impose any other disposition that was available under Section 5—2 at the time of the initial disposition." (Emphasis added.) (Ill. Rev. Stat. 1973, ch. 37, par. 705—3(6).)

As the minor notes, this is the only provision of the Act which authorizes extension of the probation term. Extension is only permitted if the court, following a hearing, finds that the minor has violated a condition of probation.

Following such a hearing and a finding that the minor has violated a condition of probation, the court is then vested with the authority to continue the minor on probation on the same conditions, or it may enlarge the conditions, or the court may revoke probation and impose any other disposition that was available under section 5—2 at the time of the initial disposition.

We note that *conditions* of probation may be modified without a finding of violation under section 5—3(7):

> "The *conditions* of probation and of conditional discharge may be reduced or enlarged by the court on motion of the probation officer or on its own motion or at the request of the minor after notice and hearing under this Section." (Emphasis added.) (Ill. Rev. Stat. 1973, ch. 37, par. 705—3(7).)

This authority under section 5—3(7) to modify the conditions of probation without a finding of a violation corresponds to the authority granted to the court to "modify or enlarge the conditions of probation" following a hearing on a petition charging violation without the necessity of finding that the minor did, in fact, violate a condition of the probation, granted in section 5—3(6), quoted above.

The conditions of probation which the court may impose are set out in section 5—3(2) of the Act (Ill. Rev. Stat. 1973, ch. 37, par. 705—3(2)). These conditions all relate to affirmative obligations which must be fulfilled, or prohibitions which must be adhered to during the term of probation. The length of the probation term itself is not listed as a condition of probation, nor can it accurately be characterized as such.

While *conditions* of probation may be reduced or enlarged as provided in section 5—3(7), that section of the Act grants no authority to a court to extend the period of probation.

In our opinion, allowing an extension of probation

without a hearing and finding of a violation would directly contradict the mandate of section 5—3(6) and would render its protection meaningless. If the court were able to extend probation on its own motion or merely at the State's request, the protections of notice and hearing under section 5—3(6) could be circumvented. Obviously, this construction was not intended by the legislature. Insofar as we believe section 5—3(6) was designed to protect against the loss of liberty without due process, we hold that probation may not be extended or revoked without notice and hearing and a finding that the minor has violated a condition of probation.

We also disagree with the State's view of wardship insofar as probation is concerned. Although under section 5—11 the wardship of a minor continues until he is 21 or until terminated by an order of the court, this does not mean, as the State contends, that a disposition of probation automatically continues until terminated as provided in that section. The Act contemplates that the disposition of probation be for a specific period of time subject to an extension of the period following a finding of a violation of a condition as provided in section 5—3(6). The Act states:

> "The *period* of probation *** shall not exceed 5 years or until the minor has attained the age of 21 years, whichever is less." (Emphasis added.) (Ill. Rev. Stat. 1973, ch. 37, par. 705—3(1).)

This language plainly contemplates that the minor be placed on probation for a definite period of time. It does not authorize or contemplate an indefinite or continuing probation for 5 years or until the minor attains the age of 21 years, whichever is less. It should be noted that that part of section 5—3(6) quoted earlier also refers to a "period of probation" and gives the court the authority to act if it finds the minor has violated a condition at any time "prior to the expiration or termination of the period ·

of probation."

We accordingly affirm the judgment of the appellate court.

*Judgment affirmed.*