(No. 52286.—

*In re* FREEDMAN THOMPSON, a Minor, Appellee (The People of the State of Illinois, Appellant).

*Opinion filed March 21, 1980.*

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (Donald Mackay and Thomas E. Holum, Assistant Attorneys General, of Chicago, and Marcia B. Orr, Mary Ellen Dienes, and Kathleen Warnick, Assistant State's Attorneys, of counsel), for the People.

Ralph Ruebner, Deputy Defender, and Kenneth L. Jones, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

The circuit court of Cook County found that Freedman Thompson, a minor, had violated his probation, and committed him to the Department of Corrections. The minor appealed, and the appellate court reversed (71 Ill. App. 3d 1114) by means of a Rule 23 order (73 Ill. 2d R. 23). We allowed the State's petition for leave to appeal.

On March 17, 1976, a petition for adjudication of wardship was filed in the circuit court of Cook County, juvenile division, charging the minor with auto theft and criminal trespass to a vehicle. At a hearing on March 18, 1976, the minor admitted the offenses, a finding of delinquency was entered, and the minor was made a ward of the court. On May 6, 1976, the minor was placed on probation for six months. The period of probation was to terminate on November 4, 1976. A supplemental petition was filed by the State on November 4, 1976, alleging that on November 3, 1976, the minor had, for a second time, committed the offenses of auto theft and criminal trespass

to a vehicle. (Ill. Rev. Stat. 1975, ch. 38, pars. 16—1(a), 21—2.) Upon the motion of the State, the trial court set the matter for trial, stating:

"All right. Motion State 11/18/76, subpoena; set for trial. Hold in custody. Extend probation."

The matter was subsequently continued to, and heard on, November 23, 1976. The court made a finding of delinquency on both counts of the supplemental petition, and ordered that the minor continue as a ward of the court. At a dispositional hearing on December 16, 1976, the court committed the minor to the Department of Corrections.

The issue presented is whether a trial court may revoke a minor's probation where the violation occurred prior to the expiration of the period of probation but the hearing and finding of delinquency occurred afterward. The State contends that the statutory provision in question, section 5—3(6) of the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 705—3(6)), requires only that the *violation* occur prior to expiration of the period of probation. Otherwise, argues the State, if a violation of probation occurs during the last few days of a minor's probation, a hearing would have to be held in a hurried fashion, without adequate time to prepare. The minor responds that the express language of the statute requires that, in order to revoke probation, not only the violation, but also a hearing and a finding of a violation, must take place prior to the expiration or termination of the period of probation. Moreover, the minor argues that this precise issue was resolved by our recent decision in *In re Sneed* (1978), 72 Ill. 2d 326.

Section 5—3(6) provides:

"*After a hearing,* the court may modify or enlarge the conditions of probation or of conditional discharge. *If the court finds that the minor has violated a condition at any time prior to the expiration or termination of the period of probation or conditional discharge,* it may continue him on the existing disposition, with or without modifying or

enlarging the conditions, or may revoke probation or conditional discharge and impose any other disposition that was available under Section 5—2 at the time of the initial disposition." (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 37, par. 705—3(6).)

We think that this provision must be read to mean that only the *violation* must occur prior to the expiration or termination of the period of probation. The modifying clause, "prior to the expiration or termination of the period of probation or conditional discharge," does not refer to the phrase "After a hearing," or, "If the court finds"; rather, it refers to the phrase "violated a condition." In short, we think the rule of *reddendo singula singulis,* or the rule of the last antecedent, should apply to this provision, so that the clause requiring an occurrence prior to the end of probation refers only to its appropriate antecedent, which is whether a violation has occurred. See 2A Sutherland, Statutes and Statutory Construction sec. 47.26 (4th ed. 1973); Black's Law Dictionary 1442 (4th ed. 1951); *United States v. Pritchett* (D.C. Cir. 1972), 470 F.2d 455, 459.

Moreover, the issue in *In re Sneed* (1978), 72 Ill. 2d 326, was decidedly different than that posed here. In that case, a supplemental petition alleging assault was filed while the minor was still on probation. The court dismissed that petition but extended the term of probation for approximately one month. On the last day of the extended probation period, the court extended the period of probation for four more months, again without a finding that the conditions of probation had been violated. During this second extended period, a supplemental petition was filed and the court, after a hearing, found a violation and committed the minor to the Department of Corrections. We affirmed the appellate court's reversal, on the ground that the trial court lacked the authority to extend probation the first time it did so because, in dismissing the supplemental petition alleging assault, the court did not make a finding of a violation. Thus, the

court could not enlarge or modify the conditions of probation pursuant to section 5—3(6) (Ill. Rev. Stat. 1975, ch. 37, par. 705—3(6)). 72 Ill. 2d 326, 332.

The minor contends that the same situation occurred here when the trial court stated on November 4, 1976, that probation was extended. The minor argues that the court was without authority to do so because it did not make a finding of a violation of the conditions of probation at that time. We agree with the minor that "[e] xtension is only permitted if the court, following a hearing, finds that the minor has violated a condition of probation." (*In re Sneed* (1978), 72 Ill. 2d 326, 332.) We interpret the trial court's remark on November 4, 1976, however, to have been surplusage and not to have had any effect. It was not until the November 23, 1976, hearing that the court, after a hearing, found a violation to have occurred on November 3, 1976, and did actually extend probation. The court possessed the authority to do so on November 23, 1976, pursuant to section 5—3(6). The fact that the *hearing* and the *finding* occurred after the period of probation had expired did not diminish the court's authority since the *violation* had occurred prior to the expiration of the probationary period. That is all section 5—3(6) requires.

The minor argues further that if the General Assembly had intended to extend the period of juvenile probation, it could have expressly done so, as it did regarding adult probation in section 5—6—4(a) of the Unified Code of Corrections. That section provides:

> "(a) When a petition is filed charging a violation of a condition, the court may:
>> (1) order a summons to the offender to appear; or
>> (2) order a warrant for the offender's arrest where there is danger of his fleeing the jurisdiction or causing serious harm to others ***.
> The issuance of such warrant or summons shall toll the sentence of probation or of conditional discharge *** until the final determination of the charge, and the term of

probation [or] conditional discharge \*\*\* shall not run so long as the offender has not answered the summons or warrant." (Ill. Rev. Stat. 1977, ch. 38, par. 1005—6—4(a).) The minor continues that, since the General Assembly did not include a provision similar to the foregoing in the Juvenile Court Act, it did not intend the term of probation to be extended. We are not persuaded by this argument because the analogy between the two statutes is not strictly parallel. In the case of an adult probationer, were the period of probation to run without some means of tolling the period, the court could lose jurisdiction over the probationer for the offense allegedly committed in violation of the conditions of probation. (See *People v. Cahill* (1921), 300 Ill. 279, 289; *People v. McMurray* (1945), 391 Ill. 271, 276; *People v. Williams* (1973), 10 Ill. App. 3d 428, 430.) The juvenile court, on the other hand, does not lose jurisdiction over the minor once the period of probation ends. The court loses jurisdiction over the minor only where it has entered a final closing and discharge order or when the minor reaches the age of 21. (Ill. Rev. Stat. 1977, ch. 37, par. 705—11.) Thus, there is no need to provide for a tolling of the period of probation under the Juvenile Court Act.

Considerations of due process require that a minor be afforded an opportunity for a fair hearing. (*Kent v. United States* (1966), 383 U.S. 541, 562-63, 16 L. Ed. 2d 84, 97-98, 86 S. Ct. 1045, 1057-58; *In re Gault* (1967), 387 U.S. 1, 30-31, 18 L. Ed. 2d 527, 548, 87 S. Ct. 1428, 1445.) These considerations are better met where a hearing is held after the parties have adequate time to prepare and not when the parties must attempt to hold a revocation hearing the day the period of probation is to expire. The State's alternative to filing a petition seeking revocation, that is, to begin adjudicatory proceedings anew, is neither required by the statute nor justified by logic. In a revocation proceeding, the State's burden of proof is a preponderance of the evidence (Ill. Rev. Stat. 1975, ch. 37, pars. 704—6, 705—3(5)), whereas in a delinquency pro-

ceeding, the State must prove the commission of an offense beyond a reasonable doubt (Ill. Rev. Stat. 1975, ch. 37, pars. 701—4, 704—6; *In re Urbasek* (1967), 38 Ill. 2d 535). The language of the statute does not require that the State initiate a new proceeding when the violation, but not the hearing, occurs before the end of a probationary term, and we perceive no reason to impose such an added evidentiary and administrative burden on the juvenile court.

The minor characterizes the court's order of November 23, 1976, finding a probation violation and revoking probation, as a nullity because the court lacked subject matter jurisdiction to enter it. We disagree because the supplemental petition, invoking the court's jurisdiction, was filed the last day of the minor's probationary term, prior to the final closing and discharge of wardship under section 5—11 (Ill. Rev. Stat. 1975, ch. 37, par. 705—11). Moreover, *In re Greene* (1979), 76 Ill. 2d 204, held that the juvenile court is a division of the circuit court which, under article VI, section 9, of the Illinois Constitution of 1970, has jurisdiction in all justiciable matters except where this court possesses original and exclusive jurisdiction. (76 Ill. 2d 204, 213-14.) The cause herein, involving a minor whose undisputed age when the supplemental petition was filed was 16, falls within the jurisdiction of the juvenile court. See Ill. Rev. Stat. 1975, ch. 37, par. 702—2 (court's jurisdiction includes delinquency proceedings involving minors under the age of 17).

Accordingly, for the reasons stated, the judgment of the appellate court is reversed and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*