165 Ill. App.3d 346 (1988)
519 N.E.2d 32
In re D.P., A Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
D.P., Respondent-Appellant).
No. 4-87-0228.
Illinois Appellate Court  Fourth District.
Opinion filed January 21, 1988.
Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.
Thomas K. Leeper, State's Attorney, of Quincy (Kenneth R. Boyle, Robert J. Biderman, and Linda Cullom, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.
Order reversed.
JUSTICE LUND delivered the opinion of the court:
In February 1987, the circuit court of Adams County revoked the probation of the respondent minor D.P. based upon a supplemental petition and, after a dispositional hearing, ordered D.P. committed to the Department of Corrections (Department), Juvenile Division, for an indeterminate term. The respondent minor appeals, arguing (1) under *347 the law in effect at the time of the offenses for which he was placed on probation, he could not be ordered to pay restitution on unrelated charges which were dismissed; and (2) the circuit court abused its discretion by rejecting the recommendations of the chief probation officer and the State's Attorney for a disposition of 45 days in the county youth home, rather than a term of imprisonment at the Department. However, we need not discuss these arguments.
On our own motion, we raised the question of whether the trial court had jurisdiction to enter an order revoking probation and committing the respondent to the Department after the fixed period of probation had expired. We find the court was without jurisdiction, and we reverse. A short history of the trial court proceedings is necessary.
Respondent was adjudicated a delinquent and placed on probation for a term of 15 months on July 8, 1984. On February 26, 1985, respondent admitted to the facts alleged in a petition to revoke probation, and, as a result, probation was extended to February 26, 1986. On April 26, 1985, respondent failed to appear for a status hearing, and a bench warrant was issued. On January 7, 1987, a supplemental petition to revoke probation was filed; respondent appeared; and on January 16, 1987, this petition was found to be proved. On February 25, 1987, the trial court revoked probation and ordered respondent committed. This appeal followed thereafter.
 1, 2 The term of probation ordered under section 5-3 of the Juvenile Court Act (Ill. Rev. Stat., 1986 Supp., ch. 37, par. 705-3) must be for a fixed term. (In re T.E. (1981), 85 Ill.2d 326, 332, 423 N.E.2d 910, 913; In re Sneed (1978), 72 Ill.2d 326, 334, 381 N.E.2d 272, 275.) Probation of a juvenile may not be extended or revoked without notice, hearing, and a finding that the minor has violated probation. (Sneed, 72 Ill.2d at 333-34, 381 N.E.2d at 275.) In re Thompson (1980), 79 Ill.2d 262, 402 N.E.2d 609, stands for the proposition that probation may be revoked on the basis of a probation violation that occurs during the probationary period even though the hearing and finding of the violation occurs after the end of the period. However, in Thompson, the supreme court expressly stated that the trial court retained subject matter jurisdiction because a petition to revoke was filed on the last day of the term of probation. 79 Ill.2d at 268, 402 N.E.2d at 612-13.
The last paragraph of section 5-3(3)(c) provides:
"The filing of a petition for violation of a condition of probation or of conditional discharge shall toll the period of probation or of conditional discharge until the final determination of the charge, and the term of probation or conditional discharge shall *348 not run until the hearing and disposition of the petition for violation." (Ill. Rev. Stat., 1986 Supp., ch. 37, par. 705-3(3)(c).)
A period of probation expires at the end of its specific term. Thereafter, nothing exists to revoke. Section 5-3(3)(c) appears to be the exclusive method of tolling a term of probation until a hearing to revoke. In the instant case, the probation period ended on February 26, 1986. No petition to revoke was filed before the probation term ended. The February 25, 1987, order revoking D.P.'s probation was void, and his commitment was improper.
 3 The State argues that the issuance of a warrant is sufficient to toll the term of probation in cases under the Unified Code of Corrections, and the same rule should apply to cases under the Juvenile Court Act. The State misinterprets the Unified Code of Corrections. Section 5-6-4(a)(3) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005-6-4(a)(3)) provides that in situations where a petition is filed charging an offender with violating his probation, a court may:
"[O]rder a warrant for the offender's arrest where there is danger of his fleeing the jurisdiction or causing serious harm to others or when the offender fails to answer a summons or notice from the clerk of the court.
Personal service of the petition for violation of probation or the issuance of such warrant, summons or notice shall toll the period of probation, conditional discharge or supervision until the final determination of the charge, and the term of probation, conditional discharge or supervision shall not run until the hearing and disposition of the petition for violation."
This provision does not negate the requirement of filing a petition to revoke to trigger the tolling. All it does is allow the tolling to begin after filing a petition to revoke together with either personal service, issuance of a warrant, summons, or notice.
In the instant case, the trial court did no more than issue a warrant. The juvenile warrant issued under the signature of the trial judge on April 26, 1985, provided as follows:
"JUVENILE WARRANT
To any law enforcement officer:
YOU ARE COMMANDED to take custody of [D.P.], a minor, and bring him before the undersigned judge or any judge sitting in his stead in room No. 3, Adams County Courthouse, 521 Vermont Street, Quincy, Illinois, for a hearing under the Juvenile Court Act.
You must bring the minor before the court without unnecessary *349 delay. The minor must be released at the expiration of 36 hours after being taken into custody, exclusive of Sundays and legal holidays, if not brought before a judicial officer within that period."
According to the docket orders, the minor was to appear for a review on April 26, 1985. The docket order for April 26, 1985, provides as follows:
"Minor fails to appear. D. Greenlief appears. People move for warrant for minors [sic] arrest. Motion granted over attorney Greenlief objection. Juvenile Warrant issued for minor and given to Sheriff of Adams Co. for service [sic]."
This procedure cannot be equated with filing a petition to revoke probation.
Our conclusions are not in derogation of Thompson or of the statutory provisions of the Act providing for the trial court to retain jurisdiction of the person of the minor until the wardship is terminated or the minor reaches age 21. See Ill. Rev. Stat. 1985, ch. 37, par. 705-11.
For the reasons stated above, the order of the circuit court of Adams County is reversed, and respondent ordered discharged from the Department of Corrections.
Reversed.
McCULLOUGH and KNECHT, JJ., concur.