**UNITED STATES of America**

**v.**

**Camilo TESTA, Defendant.**

**No. 91 CR 53.**

United States District Court,
N.D. Illinois, E.D.

June 12, 1991.

---

Daniel Murray, Pamela Pepper, Asst. U.S. Attys., Chicago, Ill., for U.S.

Thomas Anthony Durkin, William A. Barnett, Jr., Durkin, Foster, Roberts & Barnett, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

On May 6, 1991 this Court issued its oral ruling granting the motion of defendant Camilo Testa ("Testa") to strike from Count Six of the indictment in this case the references to Theodore Roosevelt Senior High School and 21 U.S.C. § 845a ("Section 845a").[1] On June 5 the United States filed a motion for reconsideration of that ruling, and this brief memorandum opinion and order explains the reasons for this Court's denial of that motion.

In its initial oral ruling, this Court analogized the task of reading the Section 845a language to the type of statutory construction to which courts have attached the label *reddendo singula singulis,* even though this Court recognized that Section 845a really did not present an instance of matching up multiple antecedent and multiple consequent terms.[2] Although the concept suggested by the maxim was thus not literally applicable to the parsing of Section 845a, it is worth noting that the Illinois Supreme Court has attached that same label to a situation (much like the present one) in which the task of statutory construction involves an inquiry into which of two antecedents a single later phrase or clause addresses (*In re Thompson,* 79 Ill.2d 262, 265, 37 Ill.Dec. 607, 609, 402 N.E.2d 609, 611 (1980)). In any event, if this Court's mention of the Latin maxim had somehow misled the prosecutor into the current motion to reconsider, apologies would be in order—but a reading of the United States' current memorandum reflects that the persistent misreading of the operative Section 845a language remains entirely that of the prosecutor.[3]

On the facts of this case, Testa and his codefendants allegedly kept a large quantity of cocaine (20 kilograms!) in a so-called stash house that was located within 1,000 feet of a public high school. That location however was maintained *only* for storage purposes—counsel for the government concedes that the United States has no evidence from which an intention to *distribute* the cocaine near the high school was involved (rather the situation was one in which defendants assertedly intended to move the cocaine, when the time for distribution arrived, from the stash house to a

---

1. That Section's provisions have now been transferred to 21 U.S.C. § 860 by Pub.L. 101–647 enacted November 29, 1990. Whether or not the indictment should have reflected that recodification, this opinion will continue to refer to Section 845a because the indictment did so. For convenience, all other references to Title 21 provisions will also take the form "Section—."

2. Essentially the Latin phrase translates to "referring each to each," suggesting the approach to construing a sentence that involves two sets of multiples. See the discussion in 2A Sutherland, *Statutes and Statutory Construction* § 47.-26, at 215–16 (4th ed. 1984 rev'n) (footnote omitted):

   > Where a sentence contains several antecedents and several consequents they are to be read distributively. The words are to be applied to the subjects that seem most properly related by context and applicability.

3. Indeed, the government's motion to reconsider cites the *Thompson* case and its usage of the Latin maxim as though it supported the United States' position. It does not.

location away from the high school for that purpose).

Here is the conduct for which Section 845a (and now Section 860) provides an enhanced penalty:

Any person who violates section 841(a)(1) ... of this title by distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school....

At the first step of analysis, the government has the reading of the statute right (Government Response Mem. filed April 25, 1991 at 2):

An examination of the statute, as amended, shows Congress intended to provide an enhanced penalty for three separate and distinct offenses, specifically:

1) distributing a controlled substance in or on, or within one thousand feet of a school;

2) possessing with intent to distribute a controlled substance in or on, or within one thousand feet of a school; and

3) manufacturing a controlled substance in or on, or within one thousand feet of a school.

But where the United States Attorney's office went wrong the first time around, and where it continues to go wrong in its motion to reconsider, is in the proper reading of the statutory language that proscribes the second of those three offenses—the one at issue here.

There is no dispute that each of the first and third alternatives under Section 845a addresses some active conduct in proximity to a school—the actual distribution or manufacture of a controlled substance. Indeed, although to be sure a statute's title is not viewed as part of the statutory language, it is worth noting that Section 845a is captioned "Distribution or Manufacturing In or Near Schools and Colleges."

Yet despite the obvious congressional view that drug *activity* in proximity to an educational institution is more egregious than such activity elsewhere, so as to call for an enhanced penalty, the government's position is that Congress has also decided that the *passive* control of drugs alone—the mere possession of drugs in such a location—also triggers the same enhancement. But the only way to reach that result is to read the second of the three covered offenses by distorting the statutory language: by moving the geographical reference elsewhere (and hence by changing its antecedent), just as though the statute had said "possessing a controlled substance in or on, or within one thousand feet of, ... a school with intent to distribute the controlled substance elsewhere."

That reading would effectively create an enhanced penalty for mere *possession* in the vicinity of a school, even though Section 841(a)(1) criminalizes only possession *with intent to distribute* (Section 844 criminalizes possession alone, as Section 841(a)(1) does not). This Court remains unpersuaded by the government's effort thus to wrench a portion of the statutory language from its proper place. There is no need to repeat the thoughtful analysis of the problem set out by Judge Robert Sweet in *United States v. Roberts,* 735 F.Supp. 537 (S.D.N.Y.1990)—an analysis with which this Court wholeheartedly agrees—or even to repeat the less extended analyses in two other cases from the same District Court reaching the same result (*United States v. Liranzo,* 729 F.Supp. 1012 (S.D.N.Y.1990) (by Judge Louis Stanton) and *United States v. Coates,* 739 F.Supp. 146, 152–53 (S.D.N.Y.1990) (by Judge Kevin Thomas Duffy)). All those cases are persuasive here.

In summary, the United States is (to choose words of one syllable, even though the statute being construed is polysyllabic) "just plain wrong." Its motion to reconsider is denied.