**UNITED STATES of America**

v.

**Anthony McDONALD.**

**Crim. No. 91–502.**

United States District Court,
District of Columbia.

Nov. 12, 1991.

---

1. To date, the District of Columbia Circuit has not ruled on the issue.

See also 777 F.Supp. 43.

Vincent Jankowski, Washington, D.C., for Anthony McDonald.

Kirby Behre, Asst. U.S. Atty., Washington, D.C., for U.S.

## MEMORANDUM OPINION

THOMAS F. HOGAN, District Judge.

The defendant in this case, Anthony Mc-Donald, is charged with one count of possession with intent to distribute five or more grams of crack cocaine (count I) and one count of possession with intent to distribute crack cocaine within 1,000 feet of a public elementary school (count II). Because of a conflict over appropriate jury instructions, the Court writes briefly to rule on the issue.

The government has requested that the Court's instruction with respect to count II of the indictment (the schoolyard charge) should ask only whether the defendant committed the offense charged in count I within 1,000 feet of a public school and not whether the defendant knew that he was within 1,000 feet of a public school. The defendant does not object to this instruction; however, the defendant argues that the Court's instruction must require the jury to find that the defendant intended to distribute within 1,000 feet of the school in order to find the defendant guilty of count II.

The substantive statute at issue in count II is 21 U.S.C. § 860(a), which provides an enhanced penalty for anyone who distributes, possesses with intent to distribute, or manufactures a controlled substance "in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college, or university, or a playground...." A precursor to this statute, 21 U.S.C. § 845a, which was substantially similar, has already withstood constitutional challenge by this circuit. In *United States v. Holland*, 810 F.2d 1215 (D.C.Cir.), *cert. denied*, 481 U.S. 1057, 107 S.Ct. 2199, 95 L.Ed.2d 854 (1987), the court rejected an argument that the statute was unconstitutionally overinclusive because it applied to offenses that take place in nearby private dwellings. The court stated that "[t]he consequences of such transactions inevitably flow from inside the dwellings onto the streets and contribute directly to the violent and dangerous criminal milieu Congress sought to eliminate in the proximity of schools." *Id.* at 1219. The court then rejected a due process challenge to the statute, holding that a defendant need not have knowledge that he committed an offense within 1,000 feet of a school in order to be convicted of violating the statute. It should be noted that *Holland* involved a distribution charge, rather than possession with intent to distribute.

Neither of the *Holland* court's holdings expressly addressed the issue now before the Court—whether the government must prove that the defendant intended to distribute crack cocaine within 1,000 feet of a public school rather than in some other location. The district court for the Southern District of New York has, however, reached this question on several occasions, and has held that the "better and more

logical construction" of the statute is that it applies to those who intend to distribute controlled substances within 1,000 feet of a school. *United States v. Liranzo*, 729 F.Supp. 1012, 1014 (S.D.N.Y.1990); *see also United States v. Coates*, 739 F.Supp. 146, 152–53 (S.D.N.Y.1990); *United States v. Roberts*, 735 F.Supp. 537, 542–43 (S.D.N.Y.1990). Each of these cases involved an arrest made either at a bus terminal or train station. The analysis of each district court judge focused on the arguably ambiguous language of the statute and the intent of Congress in enacting the statute. They concluded that Congress intended to prevent drug supply in the vicinity of schools, but did not intend to enhance the penalty for mere possession within the vicinity of schools. Thus, the statute enhances the penalty for the affirmative acts of distribution, manufacturing, and possession with intent to distribute, but does *not* enhance the penalty for mere possession within 1,000 feet of a school. Unless the jury is instructed that the government must prove intent to distribute within 1,000 feet of a school, the jury would be able to find a defendant guilty of the schoolyard charge for mere possession within the forbidden zone.

Although the New York cases are distinguishable because they involved arrests at the bus and train stations, a recent case out of the Northern District of Illinois reaches the same conclusion with respect to possession of drugs in a house within 1,000 feet of a school. In *United States v. Testa*, 768 F.Supp. 221 (N.D.Ill.1991), the court dismissed a schoolyard charge on the grounds that although the government had seized 20 kilograms of cocaine from a house within 1,000 feet of a school, the government had produced no evidence that the defendants intended to distribute the seized cocaine within 1,000 feet of a school. The court held that to read the statute the way the government urged would "effectively create an enhanced penalty for mere *possession* in the vicinity of a school, even though Section 841(a) criminalizes only possession *with intent to distribute* (Section 844 criminalizes possession alone, as Section 841(a)(1) does not)." *Id.* at 223 (emphasis in original).

Finally, this circuit has had occasion to consider the issue, although not rule upon it, in *United States v. Rogers*, 918 F.2d 207 (D.C.Cir.1990) (Thomas, J.). In that case, the district court had—over the government's objection—instructed the jury that the defendant "has to have the intent to distribute within a thousand feet of a school ..., and if he is found near a school with the intent to distribute drugs some other place, that is not a violation of the statute." *Id.* at 213. The defendant was convicted and appealed on the grounds that the government had not produced enough evidence that he intended to distribute within 1,000 feet of the school. The court of appeals held that "[w]e need not decide here which interpretation of section 845a(a) [now 860(a)] is correct. Ample, and convincing, evidence supported the jury's verdict under the reading of the statute more favorable to [the defendant]." *Id.* at 214. The court then noted in a footnote that three district judges in the Southern District of New York had rejected the government's reading of the statute and held that the statute requires intent to distribute within 1,000 feet of a school. The court did not disapprove of these judges' holdings.

The cases that the government cites to support its argument that the defendant need not intend to distribute within 1,000 feet of a school are inapposite. *Holland*, cited earlier, as well as *United States v. Agilar*, 779 F.2d 123 (2d Cir.1985), *cert. denied*, 475 U.S. 1068, 106 S.Ct. 1385, 89 L.Ed.2d 609 (1986), and *United States v. Falu*, 776 F.2d 46 (2d Cir.1985), each involved *distribution* of a controlled substance, *not* possession with intent to distribute. In both *Agilar* and the *Holland*, the courts noted that "Congress wanted to lessen the risk that drugs would be readily available to school children. It is surely rational to achieve that goal by increasing penalties for those who *sell* drugs near schools." *Agilar*, 779 F.2d at 125; *Holland*, 810 F.2d at 1219 (emphasis added). None of the cases cited by the government discuss whether Congress intended to in-

crease the penalties for those who merely possess drugs near schools.

The Court has examined the language of § 860(a) carefully and believes that it is susceptible to varying interpretations. Because it is a penal statute, the rule of lenity dictates that any ambiguity be resolved in the defendant's favor. *Bell v. United States,* 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1985); *see also United States v. Roberts,* 735 F.Supp. 537 (S.D.N.Y.1990). Therefore, based on the cases discussed above and applying the rule of lenity, the Court shall instruct the jury that to find the defendant guilty of count II they must find that he possessed crack cocaine with the intent to distribute it within 1,000 feet of a school.