JUSTICE FREEMAN, concurring in the judgment: I agree that there was no jurisdictional impediment to the circuit court’s entry of the delinquency order in this case. I write separately because I reach that conclusion for reasons other than those set forth in today’s opinion. The issue regarding subject matter jurisdiction did not arise in this case until M.W argued in the appellate court that the circuit court “did not have jurisdiction where [M.W.’s] father, was a named party with a known address and was intimately involved in [M.W.’s] life, was not served with the amended petition of adjudication of wardship, rendering [M.W.’s] delinquency adjudication void.” In support of her argument, M.W cited In re Gault, 387 U.S. 1, 33, 18 L. Ed. 2d 527, 549, 87 S. Ct. 1428, 1446 (1967), and two of our own cases, In re C.R.H., 163 Ill. 2d 263 (1994), and In re R.S., 104 Ill. 2d 1 (1984). The appellate court agreed with her argument, and, relying on In re C.R.H., held that the failure of the State to provide M.W.’s father with notice of the amended petition “deprived the circuit court of jurisdiction.” As a result, the court vacated the trial court’s judgment.[2] Procedurally, then, this court is presented with only one question in this appeal: Did the circuit court have subject matter jurisdiction?[3] If the court did, then this court must reverse the judgment of the appellate court and remand the case to that court for it to consider the remainder of M.W.’s appellate contentions. However, if the circuit court did not have jurisdiction, then the appellate court judgment should be affirmed. Consistent with the constitutional mandate for due process, i.e., notice and the opportunity to be heard, the Juvenile Court Act requires that petitions set forth the names and addresses of the minor, the minor’s parents, and the legal guardian or person or persons having custody and control of the minor. 705 ILCS 405/5 — 520 (West 2004). Section 5 — 525 provides that upon the commencement of proceedings, the clerk of the court shall issue a summons with a copy of the petition attached and that the summons be directed to the minor’s parent, guardian, or legal custodian, and to each person named as a respondent in the petition. 705 ILCS 405/5 — 525 (West 2004). The summons shall require each respondent to appear and answer the petition on the date set for the adjudicatory hearing. 705 ILCS 405/5 — 525(l)(c) (West 2004). The Act provides that “[o]nce jurisdiction has been established over a party, further service is not required and notice of any subsequent proceedings in that prosecution shall be made in accordance with *** Section 5 — 530.” 705 ILCS 405/5 — 525(3) (West 2004). Moreover, “[t]he appearance of the minor’s parent *** in any proceeding under this Act shall constitute a waiver of service and submission to the jurisdiction of the court.” 705 ILCS 405/5 — 525(4) (West 2004). In Illinois, “[i]f there is a total want of jurisdiction either as to the subject matter or as to the parties, the proceedings are a nullity and no rights are created by them and they may be declared void when collaterally attacked.” Johnston v. City of Bloomington, 77 Ill. 2d 108, 112 (1979). There is no question that our legislature has deemed juvenile delinquency proceedings a “justiciable matter” for purposes of section 9 of article six of our 1970 Constitution. Article V of the Juvenile Court Act addresses delinquent minors. Section 5 — 120 of article V gives the juvenile court exclusive jurisdiction of proceedings concerning any minor who, prior to his or her seventeenth birthday, has violated or has attempted to violate, inter alia, any state law and provides that no minor who was under the age of 17 at the time of the offense “may be prosecuted under the criminal laws of this State.” See 705 ILCS 405/5 — 120 (West 2004).[4] It is clear then from the language of article V that the legislature has given to the juvenile court the authority to adjudicate a minor delinquent. See In re A.H., 195 Ill. 2d 408, 418-19 (2001) (noting authority given to the juvenile court by the legislature). Proceedings under the Act are initiated by the filing of a petition for an adjudication of wardship. See 705 ILCS 405/5 — 520 (West 2004). Thus, once the State filed its juvenile petition in this case, subject matter jurisdiction was established. See In re Thompson, 79 Ill. 2d 262, 267-68 (1980) (discussing the continuing nature of subject matter jurisdiction in the juvenile court). Cases such as In re C.R.H. and In re R.S. do not compel a different conclusion with respect to subject matter jurisdiction. Unlike the majority, I believe the appellate court mistakenly viewed these cases as addressing subject matter jurisdiction. In neither of these earlier decisions did this court specifically refer to “subject matter” jurisdiction. This is not surprising because both cases addressed the lack of jurisdiction arising from the failure to have served summons on the minors’ mothers.[5] Service of summons upon a necessary party, of course, is essential to acquire personal jurisdiction of the court. Janove v. Bacon, 6 Ill. 2d 245, 249 (1955). In this case, in contrast to those cases, there is no dispute that M.W.’s father was served with summons so that personal jurisdiction was acquired by the juvenile court. Thus, the circuit court here obtained jurisdiction of the parties upon service of summons and of the subject matter after the State’s filing of the delinquency petition. I, therefore, believe that it is unnecessary for this court to overrule In re C.R.H., In re R.S., and People v. R.D.S. on the bases asserted in the majority opinion. In sum, the State’s failure to comply with section 5 — 530 was not an error which affected the circuit court’s jurisdiction over the subject matter or the parties. For that reason, the judgment of the appellate court must be reversed. Admittedly, the failure to comply with section 5 — 530, though not an error that divests a court of either subject matter or personal jurisdiction, may implicate due process concerns. See In re Gault, 387 U.S. at 33-34, 18 L. Ed. 2d at 549-50, 87 S. Ct. at 1446-47 (holding that due process requires adequate notice to minors and the parents in juvenile delinquency proceedings). However, whether the State’s failure to comply constituted a due process violation is a different question from whether the circuit court properly exercised subject matter jurisdiction in these proceedings and one that can be addressed, along with M.W.’s remaining appellate contentions, in the appellate court. JUSTICES THOMAS and BURKE join in this special concurrence. In light of its holding that the circuit court lacked subject matter jurisdiction, the appellate court did not reach the remainder of M.W.’s appellate arguments. I do not understand the majority’s discussion regarding the standard of review in this case. The majority states that the standard is de novo “[bjecause the circuit court did not rule on the jurisdictional questions and was not asked to rule on the notice issue.” 232 Ill. 2d at 414. This language is somewhat confusing because it suggests that the circuit court did not consider its own jurisdiction. Obviously, by issuing a substantive ruling in this case, the circuit court exercised subject matter jurisdiction. On appeal, the appellate court concluded that the circuit court lacked subject matter jurisdiction. Whether a circuit court properly exercised subject matter jurisdiction is a question of law, which is reviewed de novo. In re John C.M., 382 Ill. App. 3d 553, 558 (2008). Other sections of article V indicate where the legislature has specified “concurrent jurisdiction” and “excluded jurisdiction.” See 705 ILCS 405/5 — 125, 5 — 130 (West 2004). Neither of these provisions are implicated in this case. In People v. R.D.S., 94 Ill. 2d 77 (1983), a case noted by the majority, the minor’s legal guardian was never served.