tion they afford both the people and the property in the mine.

*In re* J.W.M., a Minor (The People of the State of Illinois, Petitioner-Appellee, *v.* J.W.M., Respondent-Appellant).

Fourth District   No. 4—83—0801

Opinion filed May 9, 1984.

Daniel D. Yuhas and Janet Sinder, both of State Appellate Defender's Officer, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman and Perry Lee Miller, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE MILLS delivered the opinion of the court:

The minor was committed as a delinquent.

His mother and father (with their addresses) were named in the petition.

The record does not reveal that notice was given to either parent of the hearings—adjudicatory and/or dispositional.

Only the mother was present at each.

The Juvenile Court Act provides that every parent, legal guardian, and custodian—or when necessary, the nearest relative—must be named as a respondent, and each is to be individually served unless that is not feasible, in which case service may be by publication. Ill. Rev. Stat. 1981, ch. 37, pars. 704—1, 704—3, 704—4.

The dispositional report here reflects that the minor visits his father often and receives spending money from him, and the minor says he has a good relationship with his father.

These facts distinguish this case from the exceptions to the notice requirements carved out by *In re J.W.* (1981), 87 Ill. 2d 56, 429 N.E.2d 501, *In re L.E.J.* (1983), 115 Ill. App. 3d 993, 451 N.E.2d 289, *In re R.S.* (1983), 117 Ill. App. 3d 698, 453 N.E.2d 139, and *In re J.P.J.* (1984), 122 Ill. App. 3d 573.

Notice to *all* required by the Act is *mandatory*.

The State confesses error.

Reversed and remanded.

TRAPP and WEBBER, JJ., concur.