177 Ill. App.3d 733 (1988)
532 N.E.2d 549
In re J.I.D. (The People of the State of Illinois, Petitioner-Appellee,
v.
J.I.D., Respondent-Appellant).
No. 4-88-0298.
Illinois Appellate Court  Fourth District.
Opinion filed December 22, 1988.
Daniel D. Yuhas and M. Jeffrey Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.
Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Michael K. Blazicek, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.
Reversed and remanded.
JUSTICE GREEN delivered the opinion of the court:
 1 We are presented again here with problems arising from lack of notice to respondents in proceedings under the Juvenile Court Act of 1987 (Act) (Ill. Rev. Stat. 1987, ch. 37, par. 801-1 et seq.), which became effective January 1, 1988. Section 2-22(2) of the Act states in part:
"Notice in compliance with Sections 2-15 and 2-16 [of the Act] must be given to all parties-respondents prior to proceeding to a dispositional hearing." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 37, par. 802-22(2).)
In this case a dispositional order was entered as to a respondent minor *734 without notice to his mother, who had previously appeared in the case. We hold that, under the circumstances here, the failure to give notice to the mother requires reversal of the dispositional order.
On April 1, 1987, the State filed a petition against respondent J.I.D. alleging he was delinquent because he had committed numerous burglaries in violation of section 19-1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 19-1). At an adjudicatory hearing held June 10, 1987, respondent stipulated to certain counts of the petition, and the State dismissed the remaining counts. Respondent and his parents received proper notice of that hearing, but only respondent and his counsel appeared. The court subsequently adjudicated respondent a delinquent minor and placed him on 12 months' probation.
While disposition of the above cause was pending, the State filed a supplemental petition alleging respondent was delinquent because he had committed theft. (Ill. Rev. Stat. 1985, ch. 38, par. 16-1(b)(1).) Respondent again stipulated to the charge at a hearing held September 8, 1987, and the court placed him on 11 months' probation. Respondent and his parents had also received proper notice of that hearing. Both respondent and his mother appeared personally.
On December 22, 1987, the State petitioned the court to revoke respondent's probation. It stated he had violated the terms of his probation by committing the crime of criminal damage to property. (Ill. Rev. Stat. 1985, ch. 38, par. 21-1(a).) An admonition hearing was set for January 27, 1988, on the petition, and the State served respondents with notice of this hearing in the following manner: (a) respondent, by substituted service of process; (b) respondent's mother, by personal service; and (c) respondent's father, by service by publication. The State also filed a supplemental petition to revoke respondent's probation, alleging he had again violated the terms of his probation by committing theft.
The court held the admonition hearing on January 27, 1988, at which respondent appeared personally. His parents were not present. At the hearing, the court set the cause for adjudication on February 24, 1988. However, respondent failed to appear on February 24, and the court directed that a warrant of apprehension issue. Respondent subsequently appeared in court on March 1, 1988, and the court allotted the cause for adjudicatory hearing on March 10, 1988.
However, the court, on its own motion, rescheduled the adjudicatory hearing for March 8, 1988. The hearing was held on that date, at which time respondent stipulated to the charges in the petition to revoke. Neither of respondent's parents was present at the hearing, and the record gives no indication either had been given notice of the *735 hearing. The court set the dispositional hearing for April 19, 1988. The State failed to formally notify any of the respondents of the upcoming dispositional hearing, and only the respondent minor appeared for it. At that hearing, the court committed respondent to the Department of Corrections.
Defendant has appealed the adjudication and disposition but cites as error only the disposition, contending (1) the court denied him due process in proceeding to a dispositional order without notice to his mother; and (2) the court lacked jurisdiction to proceed without that notice having been given. No contention is made as to any insufficiency in the notice given as to other hearings.
Despite the failure of the State to comply with the notice requirements of section 2-22(2) of the Act, the State seeks to justify the dispositional order upon the basis of the decision of the United States Supreme Court in the seminal juvenile procedure case of In re Application of Gault (1967), 387 U.S. 1, 18 L.Ed.2d 527, 87 S.Ct. 1428, and the decisions of the Third District Appellate Court in In re G.L. (1985), 133 Ill. App.3d 1048, 479 N.E.2d 1234, and In re Vaught (1981), 103 Ill. App.3d 802, 431 N.E.2d 1231.
The Gault court concentrated upon the due process requirements at an adjudicatory hearing and held reasonable notice to parents was a due process requirement in regard to such a hearing. The opinion indicated all the formalities of a criminal or other civil proceeding were not required in a juvenile proceeding, and less formality was required at a dispositional hearing than at an adjudicatory hearing. A quarter of a century ago, the Illinois Supreme Court stated:
"`While it has been stated broadly that a litigant by his attorney must note the progress of his case in court and is not entitled to notice except as prescribed by law, as, [sic] a general rule, except for compelling reasons, it is essential to the proper administration of justice that proper notice shall be given of steps proposed to be taken.' (66 C.J.S., Notice, sec. 14, p. 652.)" Elfman v. Evanston Bus Co. (1963), 27 Ill.2d 609, 614-15, 190 N.E.2d 348, 351.
We need not decide whether, under Gault, due process requires the State to notify parents of a dispositional hearing in a delinquency proceeding under the Act. Section 2-22(2) of the Act prescribes the notice which must be given, and that requirement was not met here. At least under the circumstances here, where parents were not notified of the date of the dispositional hearing at a hearing they previously attended or were not notified of or did not attend a previous hearing which was part of a chain of proceedings, each of which was *736 set at the previous hearing and which culminated in the dispositional hearing, we hold the failure of the State to give section 2-22(2) notice to a parent showing sufficient interest in a minor to be reversible error.
Because the statutory violation requires a new dispositional hearing, we need not decide whether the failure to give notice deprived any party of due process. See In re J.M. (1988), 170 Ill. App.3d 552, 524 N.E.2d 1241.
In G.L., cited earlier, a father having interest in the welfare of his child was properly notified of the filing of a delinquency petition and the date for hearing thereon, but he did not appear on that date. The proceedings were continued from time to time, but each date to which the case was continued was announced at the previously held hearing. Finally, an adjudicatory order was entered. The opinion is not clear as to whether the date for the dispositional hearing was set at the time of the adjudicatory order, but it seems to indicate it was not set then. The opinion described the failure to give notice of the dispositional hearing to the father as error but not such as to deprive the court of jurisdiction.
 2 We agree that the failure of the notice was not jurisdictional. As the G.L. court reasoned, the court obtained jurisdiction of the parties and the subject matter after the original proper notice of the filing of the delinquency petition (see People v. R.S. (1984), 104 Ill.2d 1, 470 N.E.2d 297) and that jurisdiction remained until the respondent was discharged by court order or expiration of term of probation or commitment. (In re Thompson (1980), 79 Ill.2d 262, 402 N.E.2d 609; In re Vaught (1981), 103 Ill. App.3d 802, 431 N.E.2d 1231.) The minor argues the decision of this court in the case of In re D.P. (1988), 165 Ill. App.3d 346, 519 N.E.2d 32, negates the theory of continuing jurisdiction of Thompson. However, there, the jurisdiction of the court was determined to have terminated upon the expiration of a term of probation although a warrant had issued for the minor prior to the expiration of the probation.
Some dispute still exists as to what effect the failure of the State to follow the provisions of the Act has upon a court's jurisdiction to proceed under the Act. (See People v. R.D.S. (1983), 94 Ill.2d 77, 445 N.E.2d 293.) However, no court has recently held that every failure to follow the Act deprives the court of jurisdiction. We do not deem the failure to give the notice required by section 2-22(2) of the Act to have deprived the court of jurisdiction to hear the dispositional issue. However, unlike the G.L. court, we hold such failure to constitute reversible error under the circumstances in the case before us. Little *737 purpose is served by the statutory notice requirement if it is deemed to be merely directory without any sanction for noncompliance. The Gault court considered the presence of parents at a delinquency hearing to be important to the interest of a minor defendant.
The evidence here did not show the mother to be the type of parent so lacking in interest in regard to the minor that her appearance would not be significant. (See In re L.E.J. (1983), 115 Ill. App.3d 993, 451 N.E.2d 289.) Reversible error resulted at least from the failure to give the notice to her. Accordingly, we reverse the order committing the minor to the Department of Corrections. We remand the cause to the circuit court of Champaign County for a new dispositional hearing to be held after compliance with section 2-22(2) of the Act.
Reversed and remanded with directions.
LUND and SPITZ, JJ., concur.