*In re* D.L.W. (The People of the State of Illinois, Petitioner-Appellee, v. D.L.W., Respondent-Appellant).

Fourth District   No. 4—88—0479

Opinion filed August 24, 1989.

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

The respondent minor, born January 21, 1973, had been adjudicated delinquent and placed on probation. Thereafter, pursuant to proceedings on a petition to revoke his probation, the probation was revoked and he was committed to the Department of Corrections, Juvenile Division (DOC). This appeal followed.

■ This is another case wherein the sole issue on appeal is the failure to give statutorily required notice to a parent in a delinquency

proceeding arising under the Juvenile Court Act of 1987 (Act) (Ill. Rev. Stat. 1987, ch. 37, par. 801—1 *et seq.*). Section 5—25(6) of the Act states: "Disposition after revocation of probation or of conditional discharge shall be under section 5—22." (Ill. Rev. Stat. 1987, ch. 37, par. 805—25(6), formerly Ill. Rev. Stat. 1985, ch. 37, par. 705—3(8) (referring to the notice requirements of section 5—1).) Section 5—22(2) provides in part: "Notice in compliance with Sections 5—15 and 5—16 must be given to all parties-respondents prior to proceeding to a dispositional hearing." (Ill. Rev. Stat. 1987, ch. 37, par. 805—22(2) (formerly Ill. Rev. Stat. 1985, ch. 37, par. 705—1(2) (referring to notice in compliance with sections 4—3 and 4—4)).) Under sections 5—15 and 5—16, notice by personal or substitute service is preferred, but where such service cannot be obtained for any of the listed statutory reasons, notice by certified mail or by publication is sufficient. (Ill. Rev. Stat. 1987, ch. 37, pars. 805—15, 805—16 (formerly Ill. Rev. Stat. 1985, ch. 37, pars. 704—3, 704—4).) Of particular note to the issue raised in this case is the provision on service of summons, set forth in section 5—15(5) of the Act, which provides:

> "Service of a summons and petition shall be made by: (a) leaving a copy thereof with the person summoned *at least 3 days* before the time stated therein for appearance; (b) leaving a copy at his usual place of abode with some person of the family, of the age of 10 years or upwards, and informing that person of the contents thereof, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the person summoned at his usual place of abode, *at least 3 days before the time stated therein for appearance*; or (c) leaving a copy thereof with the guardian or custodian of a minor, *at least 3 days before the time stated therein for appearance.*" (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 37, par. 805—15(5) (formerly Ill. Rev. Stat. 1985, ch. 37, par. 704—3(5)).)

Similar notice requirements adhere when a delinquency petition or supplemental petition is filed, and section 5—15 further provides in pertinent part:

> "(1) When a petition is filed, the clerk of the court shall issue a summons with a copy of the petition attached. The summons shall be directed to the minor's legal guardian or custodian and to each person named as a respondent in the petition.
>
> \*\*\*
>
> (3) The summons shall be issued under the seal of the

court, attested in and signed with the name of the clerk of the court, dated on the day it is issued, and shall require each respondent to appear and answer the petition on the date set for the adjudicatory hearing." (Ill. Rev. Stat. 1987, ch. 37, par. 805—15 (formerly Ill. Rev. Stat. 1985, ch. 37, par. 704—3).)

The type of notice required under the Act is clear, as is the legislative intent that notice be given prior to proceeding with the adjudicatory and dispositional hearings. Further, this court has stated the statutory provisions regarding notice are mandatory (*In re J.W.M.* (1984), 123 Ill. App. 3d 1036, 1037, 463 N.E.2d 1023, 1024) and failure to comply with statutory notice provisions may constitute reversible error. (*In re J.I.D.* (1988), 177 Ill. App. 3d 733, 736, 532 N.E.2d 549, 551.) With these precepts in mind, we consider the record before us in this appeal.

On January 5, 1987, a juvenile petition was filed alleging D.L.W. was a delinquent minor by reason of having committed the offenses of burglary, misdemeanor theft, and felony criminal damage to property. (Ill. Rev. Stat. 1987, ch. 38, pars. 19—1, 16—1(e)(1), 21—1(a).) All offenses involved the break-in and theft from the Lincoln Avenue Mobile station in Urbana, Illinois. On January 8, 1987, a return of summons was filed in the circuit court, showing the minor and his mother and father, with whom he resided, had been notified that a hearing in the case would be held on February 4, 1987.

On January 27, 1987, a supplemental delinquency petition was filed against D.L.W., alleging he had committed the offenses of residential burglary and felony theft. (Ill. Rev. Stat. 1987, ch. 38, pars. 19—3, 16—1(e)(1).) Upon filing the supplemental delinquency petition, the original January 5 delinquency petition was withdrawn and dismissed by the State.

On January 30, 1987, another return of summons was filed with the circuit court, showing the minor and his parents had been given notice to appear at a hearing on the delinquency petition on February 4, 1987.

On February 4, 1987, an admonition hearing was conducted. The minor and his mother appeared personally, and counsel was appointed for the respondent minor. During the hearing, the trial court set the date of February 25, 1987, for the minor's adjudicatory hearing. The minor's father did not appear at the admonition hearing, nor did he receive formal notice of the adjudicatory hearing.

On February 9, 1987, based on a potential conflict of interest in the appointment of the public defender to represent the minor, the appointment was vacated and another attorney was appointed coun-

sel for the minor and notified of the appointment.

On February 25, 1987, an adjudicatory hearing was conducted on the supplemental delinquency petition. The minor and his mother appeared personally and the minor was represented by counsel. The minor entered an admission to the charge of residential burglary and the theft count was withdrawn and dismissed by the State. The court accepted the admission and stipulation and, at the conclusion of the hearing, set the date of March 31, 1987, for the dispositional hearing. The minor's father did not appear at the adjudicatory hearing, nor did he receive formal notice of the dispositional hearing.

On March 31, 1987, a second supplemental delinquency petition was filed, alleging D.L.W. had been involved in a residential burglary on March 29, 1987. Ill. Rev. Stat. 1987, ch. 38, par. 19—3.

At hearing on March 31, 1987, the minor appeared personally and with counsel. The minor's mother appeared personally, and a representative of the Department of Children and Family Services (DCFS) made an appearance, as did a probation officer from the Court Services Department. The cause was continued to April 14, 1987, and the minor was detained pending that hearing.

On April 7, 1987, a return of summons was filed in the circuit court, showing the minor and his parents had been notified of the dispositional hearing scheduled for April 14.

On April 14, 1987, a dispositional hearing was conducted. The respondent minor appeared personally and with counsel. The minor's mother appeared personally, as did a probation officer from the Court Services Department, a representative of DCFS, and a representative of CAP. The minor was ordered to serve an 18-month term of probation, including as conditions that the minor cooperate with all placement alternatives imposed by DCFS and serve a five-day period of detention set to commence on November 25, 1987. The State also dismissed the second supplemental delinquency petition filed March 31, 1987. D.L.W.'s father did not appear at the dispositional hearing.

On April 22, 1988, a petition to revoke D.L.W.'s probation was filed in the circuit court, alleging the minor had not conformed to the conditions of probation in that he was involved in a felony theft when, on April 20, 1988, he took a 1983 Chevrolet Citation belonging to the Edgar County Children's Home. (Ill. Rev. Stat. 1987, ch. 38, par. 16—1(e)(3).) A warrant of apprehension issued against the minor and was executed the same day, with D.L.W. delivered to the Champaign County Youth Detention Center.

On April 25, 1988, a hearing was conducted on the State's peti-

tion to revoke the minor's probation. Prior to the hearing, no formal notice had been obtained on the minor or his parents. However, the minor appeared personally, as did his mother, along with a representative of the Court Services Department and a representative of DCFS. A public defender was appointed and appeared. The court conducted a detention hearing and issued an order for temporary detention. During the hearing, the court set May 3, 1988, as the date for the adjudicatory hearing.

On May 3, 1988, the minor appeared personally and with counsel. The minor's mother appeared personally, as did a representative of DCFS. The minor was admonished and admitted and stipulated to the factual allegations of the petition to revoke probation. During the hearing, the court set the date of June 10, 1988, for the minor's dispositional hearing. The minor's father was not present at the adjudicatory hearing, nor was he given formal notice of the dispositional hearing date.

For reasons not apparent from the record, the dispositional hearing was evidently reset for June 6, 1988. The record shows no formal notice given to the minor or his parents as to the rescheduled date for the dispositional hearing. On June 6, 1988, the cause was called for dispositional hearing. Counsel for respondent appeared, and the minor's mother appeared personally, as did a probation officer from the Court Services Department, a representative of CCH, and a representative of DCFS. The minor did not appear personally and a warrant of apprehension was issued for the minor.

On Tuesday, June 28, 1988, the minor was taken into custody by the Champaign County juvenile authorities and placed at the Champaign County Youth Detention Center.

On Wednesday, June 29, 1988, the cause was called for dispositional hearing. The minor appeared personally and with counsel. No formal service had been obtained on the minor or his parents. Neither of the respondent's parents appeared, although there were appearances by a representative of DCFS and the probation officer on behalf of the Court Services Department. The trial judge inquired as to whether the minor's parents had been notified of this new date and time for hearing. The probation officer indicated she was not aware of any notification of the parents, and the detention officer indicated to the judge that the minor's mother had been notified, at 9:25 a.m. that morning, that the minor's hearing was set for that afternoon. The trial judge stated on the record:

> "THE COURT: We are now talking 4:00, and this matter was set for around 2:45, 3:00, and was delayed, because I have

been advised that [the minor] fled the custody of the Court Services officers upon being unhandcuffed at the time he was being brought into this courtroom, and had to be pursued, is that correct?

DETENTION OFFICER: That is correct, Your Honor.

THE COURT: And, while subsequently apprehended we lost our time slot, and that's why he appears in handcuffs in court now *** and *** we are about an hour and some late on proceedings [from] where we were before. I mention all of this, because it appears to me that had the [respondent mother or respondent father], if they had any intent of being present this afternoon, they could have come by this point, since they live, I think, less than two miles away and I have not been contacted. Nor, to my knowledge, has anyone else been contacted by them saying they intend to come but were unable to do so, or had encountered some difficulty."

The court ascertained that neither the prosecutor nor the probation officer had heard from the parents. The detention officer indicated the respondent's mother had not indicated whether she intended to attend. The court thereupon ascertained that at the time the admission and stipulation were entered, the parties agreed to abide by the recommendations of the Court Services Department. The probation officer's dispositional report recommended D.L.W.'s commitment to DOC. After argument of counsel, the court allowed the petition to revoke the minor's probation and ordered D.L.W. committed to DOC.

■ On appeal, counsel for the respondent minor argues the phone call made by the detention officer on the morning of dispositional hearing is not notification sufficient to meet the requirements of the Act, relying on this court's decision in *J.I.D.*, which stated:

"Section 2—22(2) of the Act prescribes the notice which must be given, and that requirement was not met here. *At least* under the circumstances here, where parents were not notified of the date of the dispositional hearing at a hearing they previously attended or were not notified of or did not attend a previous hearing which was part of a chain of proceedings, each of which was set at the previous hearing and which culminated in the dispositional hearing, we hold the failure of the State to give section 2—22(2) notice to a parent showing sufficient interest in a minor to be reversible error." (Emphasis in original.) (*J.I.D.*, 177 Ill. App. 3d at 735-36, 532 N.E.2d at 551.)

And further:

"*Little purpose is served by the statutory notice requirement*

*if it is deemed to be merely directory without any sanction for noncompliance.*" (Emphasis added.) (*J.I.D.*, 177 Ill. App. 3d at 736-37, 532 N.E.2d at 552.) The State concedes reversible error occurred here. We agree. If the protections of the Act are to have any meaning whatsoever, they must be given effect during the proceedings in the circuit court and are not to be ignored simply because it is expedient to do so.

Accordingly, for the reasons herein stated, the orders revoking the minor's probation and committing him to DOC must be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded with directions.

LUND and KNECHT, JJ., concur.