In *re* J.F.S. III, a Minor (The People of the State of Illinois, Petitioner-Appellee, v. J.F.S. III, a Minor, Respondent-Appellant).
Fourth District   No. 4—89—0484

Opinion filed March 22, 1990.

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

Respondent J.F.S. III appeals from an order of the circuit court of Champaign County entered June 12, 1989, in which it committed him to the Department of Corrections, Juvenile Division (DOC). Respondent maintains the circuit court's order must be vacated, because the State failed to comply with the notice provisions of the Juvenile Court Act of 1987 (Act) (Ill. Rev. Stat. 1987, ch. 37, par. 801—1 et seq.). Respondent also maintains section 5—33(2) of the Act (Ill. Rev. Stat. 1987, ch. 37, par. 805—33(2)), which prohibits a trial court from imposing a determinate term sentence to DOC upon a juvenile who commits misdemeanors, violates the equal protection clauses of the United States and Illinois constitutions. We affirm.

As to respondent's allegation that section 5—33(2) of the Act violates the equal protection clauses of the United States and Illinois

constitutions, we note that this exact issue was raised and rejected by this court in *In re T.L.B.* (1989), 184 Ill. App. 3d 213, 539 N.E.2d 1340, *appeal denied* (1989), 127 Ill. 2d 617. We see no reason to overturn that ruling.

■ Plaintiff's first contention involves another phase of the continuing problems involved with the operation of the notice to parents provision of the Act in regard to delinquency proceedings. This case brings into consideration, for the first time, operation of section 5—14(b)(2) of the Act, which states in part:

> "[W]hen a petition has been filed alleging that the minor is a delinquent and the minor is in detention or shelter care, the adjudicatory hearing shall be held within 10 judicial days after the date of the order directing detention or shelter care, or the earliest possible date in compliance with the notice provisions of Section 5—15 and 5—16 *as to the custodial parent, guardian or legal custodian* ***." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 37, par. 805—14(b)(2).

Here, on April 10, 1989, the minor was paroled from the Illinois Department of Corrections, Juvenile Division. Shortly thereafter, on May 16, 1989, a supplemental petition was filed in the circuit court of Champaign County charging the minor with further acts of delinquency. The petition was set for hearing on June 21, 1989. The petition listed the names of the minor's parents. The mother's address in Rantoul, Illinois, was listed, and his father was stated to live in Harrisburg, Illinois, and a post office box was listed as his place of residence. Personal service was obtained against both parents. On May 25, 1989, a further supplemental petition was filed against the minor and set for June 5, 1989. At the time, the minor was in detention. The mother was served with summons and appeared, but no service was obtained on the father. A further adjudicatory decree was entered at that hearing. A dispositional hearing was set for June 12, 1989. The mother appeared at the hearing, but the father was not noticed and did not appear. At that hearing, the court entered the order from which appeal was taken.

■ The record clearly shows the mother was the custodial parent. However, considering the availability of the father, error would have ordinarily resulted from the failure to gain service on the father by a summons informing him of the second supplemental petition of May 25, 1989, and the short date set for hearing. (See *People v. R.S.* (1984), 104 Ill. 2d 1, 470 N.E.2d 297.) However, section 5—14(b)(2) of the Act indicates that when a short hearing date is required because of the minor being in detention, the only parent who need be served

is a custodial parent. Accordingly, under the circumstances here, the notice to the custodial mother and her appearance in court on June 5, 1989, enabled the court to acquire jurisdiction of the proceedings on the May 25, 1989, supplemental petition and to enter a valid adjudicatory order at that time.

At the request of the minor, a dispositional hearing was held on June 12, 1989, only seven days after the adjudicatory hearing. Section 5—22(2) of the Act requires further notice to "all parties-respondents" prior to the holding of a dispositional hearing. (Ill. Rev. Stat. 1987, ch. 37, par. 805—22(2).) The father was a party respondent to those proceedings, but received no notice. The custodial mother was notified and did appear. In the case of *In re J.I.D.* (1988), 177 Ill. App. 3d 733, 532 N.E.2d 549, we followed the holding of the Appellate Court for the Third District in the case of *In re G.L.* (1985), 133 Ill. App. 3d 1048, 479 N.E.2d 1234, and held that failure to give the required notice for a dispositional hearing did not deprive the court of subject-matter jurisdiction to hold such a hearing where, as here, the court had jurisdiction to hold the adjudicatory hearing. Nevertheless, we held that failure of such notice could create reversible error. In *In re J.I.D.*, the mother, to whom notice of the dispositional hearing had been given, had previously appeared in the case and had shown significant interest in the minor, and we concluded the failure to notify her was reversible error. See also *In re D.L.W.* (1989), 187 Ill. App. 3d 566.

Here, the record indicated the father and the minor did not have a close relationship. Accordingly, no error resulted from the failure to notify the minor's father of the dispositional hearing.

We affirm.

Affirmed.

SPITZ and McCULLOUGH, JJ., concur.