*In re* J.B., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. J.B., a Minor, Respondent-Appellant).

First District (2nd Division)    No. 1—91—2666

Opinion filed November 9, 1993.

Michael J. Pelletier and James Chadd, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and James Fitzgerald, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HARTMAN delivered the opinion of the court:

J.B., the minor-respondent, appeals from the circuit court's order committing him to the Department of Corrections, Juvenile Division. He questions whether he is entitled to a new dispositional hearing because his mother, a named party-respondent, never received notice of the dispositional hearing as required by section 2—22(2) of the Juvenile Court Act of 1987 (Ill. Rev. Stat. 1991, ch. 37, par. 802—22(2) (now 705 ILCS 405/2—22(2) (West 1992)) (section 2—22(2))).

Respondent was born on June 23, 1976. His parents never married, but both participated in his upbringing. At the time respondent committed the offenses involved here, he lived with his mother.

On May 22, 1990, the State filed a petition for adjudication of wardship of respondent, alleging that he was delinquent for committing the offense of possession of a controlled substance (cocaine) (Ill. Rev. Stat. 1989, ch. 56½, par. 1402). The petition named respondent's mother a party-respondent.

On July 6, 1990, the mother was served with summons on this

petition to appear for a hearing on August 9, 1990. Continuances were granted several times with the mother present in court on October 23, 1990. The father appeared in court on October 23 and November 27, 1990.

The State filed a second delinquency petition on December 3, 1990, alleging that respondent had committed the offense of unlawful use of weapons (Ill. Rev. Stat. 1989, ch. 38, par. 24—1(a)(7)). Respondent's mother and father were each named party-respondents. Additionally, on that date, the State filed a petition for supplemental relief alleging that respondent had violated the terms of his probation by committing the offense of unlawful use of weapons. Respondent had been placed on two years' probation on June 19, 1990, in an un-related case.

On December 8, 1990, the mother was served with summons on the second and supplemental petitions to appear for an adjudicatory hearing on December 18, 1990. She appeared, as did the father. The matter was continued to December 27, 1990, for the appearance of counsel, and a tentative trial date was set for January 25, 1991, subject to the approval of counsel. The circuit court ordered that all three petitions be tracked through court together.

On January 5 and 12, 1991, the mother was served with summons on all three petitions again and told to appear for trial on January 25. Neither the mother, the father, nor counsel appeared in court on January 25, and the court continued the matters until February 8, 1991. The court continued the matters several more times until April 9, 1991, when it actually began an adjudicatory hearing on the first petition. On April 9, the father was present in court; the mother was not.

The court continued the matters until April 30, 1991. On April 30, the father appeared in court; the mother did not. Respondent's counsel failed to appear and the hearing was continued until May 15, 1991.

On May 15, 1991, the circuit court concluded the adjudicatory hearings on all three petitions. It found respondent delinquent for possession of a controlled substance and for the unlawful use of weapons. It also found respondent in violation of probation. On May 15, the father appeared in court; the mother did not. The court set all matters for a dispositional hearing for May 28, 1991.

On May 28, 1991, the dispositional hearing on all three cases was held. Respondent was adjudicated a ward of the court and committed to the Department of Corrections, Juvenile Division. The mother had not received notice of the dispositional hearing and did not attend. The father was present.

Respondent contends he is entitled to a new dispositional hearing because his mother was not notified of his dispositional hearing as required by section 2—22(2).

Section 2—22(2) provides, in part:

"Notice in compliance with Sections 2—15 and 2—16 must be given to *all* parties-respondents prior to proceeding to a dispositional hearing." (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 37, par. 802—22(2).)

Sections 2—15 and 2—16 essentially provide that notice should be given by the service of summons or, in certain cases, by certified mail or publication. Ill. Rev. Stat. 1991, ch. 37, pars. 802—15, 802—16 (now 705 ILCS 405/2—15, 2—16 (West 1992)).

The mother was a named respondent on the petitions for adjudication of wardship and should have received notice prior to proceeding to the dispositional hearing; it is undisputed, however, that the mother did not receive notice as contemplated by sections 2—22(2), 2—15, and 2—16. The State maintains that no reversible error occurred which would entitle respondent to a new dispositional hearing because his mother had actual notice of the hearings and waived her right to formal service of process. The claim of actual notice derives from her having been given notice of the adjudicatory hearing.

Respondent analogizes his case with *In re J.I.D.* (1988), 177 Ill. App. 3d 733, 532 N.E.2d 549. There, the court on its own motion rescheduled an adjudicatory hearing, which the minor's parents failed to attend. (*J.I.D.*, 177 Ill. App. 3d at 734.) The court then set a date for the dispositional hearing. (*J.I.D.*, 177 Ill. App. 3d at 735.) The State failed to notify formally the minor's parents of the dispositional hearing, and they did not attend. (*J.I.D.*, 177 Ill. App. 3d at 735.) The court reversed and remanded for a new dispositional hearing, holding:

"Section 2—22(2) *** prescribes the notice which must be given, and that requirement was not met here. *At least.*under the circumstances here, [(1)] where parents were not notified of the date of the dispositional hearing at a hearing they previously attended or [(2)] were not notified of or did not attend a previous hearing which was part of a chain of proceedings, each of which was set at the previous hearing and which culminated in the dispositional hearing, we hold the failure of the State to give section 2—22(2) notice to a parent showing sufficient interest in a minor to be reversible error." (Emphasis in original.) *J.I.D.*, 177 Ill. App. 3d at 735-36.

Respondent insists his case is virtually identical to *J.I.D.*, because his mother was not notified of the date of the dispositional hearing at a hearing she previously attended. (See *J.I.D.*, 177 Ill. App. 3d at

735.) He further maintains that the failure to notify his mother of the dispositional hearing cannot be deemed harmless error because, as in *J.I.D.*, the evidence here did not show his mother to be "the type of parent so lacking in interest in regard to the minor that her appearance would not be significant." (See *J.I.D.*, 177 Ill. App. 3d at 737.) The holding in *J.I.D.* is not entirely dispositive of the case *sub judice* since the court here never rescheduled any portion of the proceedings. The mother properly was notified of and, in fact, had attended an adjudicatory hearing on December 18, 1990. Whether this should be considered part of a chain of proceedings, each of which was set at the previous hearing and which culminated in the dispositional hearing (see *J.I.D.*, 177 Ill. App. 3d at 735-36), is problematical since section 2—22(2) requires that notice be given to all parties prior to the dispositional hearing. As the *J.I.D.* court noted, "[l]ittle purpose is served by the statutory notice requirement [of section 2—22(2)] if it is deemed to be merely directory without any sanction for noncompliance." *J.I.D.*, 177 Ill. App. 3d at 736-37.

Respondent also cites *In re D.L.W.* (1989), 187 Ill. App. 3d 566, 543 N.E.2d 542, for support. There, the court found reversible error where the State failed to notify a minor's mother of the minor's dispositional hearing pursuant to section 2—22(2). (*D.L.W.*, 187 Ill. App. 3d at 572.) The mother actually had appeared at the first date set for the dispositional hearing; however, she failed to attend the second date set for the dispositional hearing because she was not notified of it until she received a telephone call that morning. (*D.L.W.*, 187 Ill. App. 3d at 570.) The State conceded reversible error on appeal. (*D.L.W.*, 187 Ill. App. 3d at 572.) The court relied on *J.I.D.* and stated that section 2—22(2) "must be given effect" if it is to "have any meaning whatsoever." (*D.L.W.*, 187 Ill. App. 3d at 572.) The State does not distinguish *D.L.W.*

In a case involving a statute similar to the one at issue, the Illinois Supreme Court held that a parent's right to formal service of process was waived where the parent had actual notice of the charges against his or her child and had appeared in court without objection to the form of notice provided. (*In re J.W.* (1981), 87 Ill. 2d 56, 62, 429 N.E.2d 501.) In finding waiver, the *J.W.* court considered whether (1) the parent had actual notice of the hearing, which could be shown by a parent's appearance in court; (2) the parent had waived the lack of formal service of process by appearing in court without objecting to it; and (3) the minor or the parent was prejudiced from the lack of formal service of process. (*J.W.*, 87 Ill. 2d at 62.) *J.W.* involved the adjudicatory stage of juvenile proceedings, however. (*J.W.*, 87 Ill. 2d at 58.) This court has applied the waiver rule set forth in *J.W.* where

the lack of formal notice has occurred at the adjudicatory stage. (*In re T.O.* (1989), 187 Ill. App. 3d 970, 974, 543 N.E.2d 969; see *In re L.M.* (1989), 189 Ill. App. 3d 392, 397, 545 N.E.2d 319.) Here, the mother received absolutely no notice of the separate and distinct dispositional hearing.

Although the principle of waiver set forth in *J.W.* logically should apply to dispositional proceedings, as where a parent receives no formal notice of the dispositional hearing, but appears in court *at the dispositional hearing* without raising an objection (see *In re Splett* (1991), 143 Ill. 2d 225, 231-32, 572 N.E.2d 883 (approving the waiver principle set forth in *J.W.*); *J.W.*, 87 Ill. 2d at 62), that did not occur here. The mother here was never served with notice of the dispositional proceedings and did not appear at any one of them.

In its waiver analysis, the State lumps the adjudicatory proceedings with the dispositional hearing and claims that because the mother appeared in court on December 18, 1990, during the adjudicatory stage, she had actual notice of "the proceedings" against her son, including the dispositional hearing. The State further alleges that the mother failed to object to the lack of formal notice of the dispositional hearing when she appeared in court on December 18 and therefore waived any objection. This particular contention is absurd because the dispositional hearing had not been scheduled at that time. Under these circumstances we reject the State's waiver argument.

Section 2—22(2) specifically requires that notice be sent prior to proceeding to the dispositional hearing. Accordingly, we hold that a parent's participation in adjudicatory proceedings does not constitute waiver of formal notice of the dispositional hearing, where no notice of the dispositional hearing was given. In this case, respondent's mother did not waive her right to formal notice of the dispositional hearing under section 2—22(2) by appearing in court during the adjudicatory stage prior to the time that a date for the dispositional hearing was set. Such treatment gives effect to the statute as written and avoids the absurdity noted, *supra*, in the State's argument. The purpose of section 2—22(2)'s requirement of notice prior to proceeding to a dispositional hearing is to allow the court to advise interested parties, including parents, "of the factual contents and the conclusions of the reports prepared for the use of the court and considered by it, and afford fair opportunity, if requested, to controvert them." Ill. Rev. Stat. 1991, ch. 37, par. 802—22(2) (now 705 ILCS 405/2—22(2) (West 1992)).

Whether respondent or his mother was prejudiced by the lack of formal notice is also considered in determining waiver. (See *J.W.*, 87

Ill. 2d at 62.) Although we already held that there was no waiver here, we address the State's arguments. The State claims that no prejudice resulted to the parties as the disposition would have been the same had formal notice of the dispositional hearing been sent. The mother chose not to attend, the State asserts. Moreover, the State contends, respondent's father and his counsel attended the dispositional hearing to protect respondent's interests and they had the opportunity to speak in his behalf before sentencing. They did not object to the mother's absence, nor did respondent. Section 2—22(2) requires, however, that notice be given to *all* parties-respondents prior to proceeding to a dispositional hearing. We find prejudice in this instance. The State's claim the mother chose not to attend is speculative at best.

Reversible error resulted from the failure to provide the mother with formal notice of the dispositional hearing. As respondent contends, the evidence did not show the mother to be the type of parent so lacking in interest in regard to him that her appearance would not be significant. See *J.I.D.*, 177 Ill. App. 3d at 737.

For the reasons set forth above, we vacate the order of commitment and remand for a new dispositional hearing.

Vacated and remanded.

SCARIANO and DiVITO, JJ., concur.