UNITED STATES of America

v.

Josefina Melendez LIRANZO,
Defendant.

No. 89 Cr. 878 (LLS).

United States District Court,
S.D. New York.

Feb. 2, 1990.

Robert W. Ray and Cathy Seibel, Asst. U.S. Attys., S.D.N.Y., New York City, for plaintiff.

Lawrence A. Vogelman, Professor of Clinical Educ., Mark A. Berman, Legal Asst., Office of Clinical Educ., Benjamin N. Cardozo School of Law, New York City, for defendant.

## MEMORANDUM

STANTON, District Judge.

Defendant Josefina Melendez Liranzo was arrested in the Port Authority bus terminal in possession of approximately a kilogram of cocaine. The bus terminal is within 1,000 feet of the Holy Cross School, a private elementary school. She was charged with possessing cocaine with intent to distribute it, within 1,000 feet of a school, in violation of 21 U.S.C. § 845a(a) (the "schoolyard" statute). The evidence makes clear beyond doubt that defendant did not intend to distribute the cocaine within 1,000 feet of the Holy Cross School, but rather was taking it to Reading, Pennsylvania for delivery to another person. Her motion for acquittal pursuant to Fed. R.Crim.P. 29(a) at the close of the government's case raises the question whether the evidence is insufficient to sustain a conviction under the schoolyard statute.

Section 845a enhances the penalty for those found guilty of certain narcotics crimes committed within 1,000 feet of a school. Subsection (a) of the statute originally enhanced the penalty for those distributing controlled substances within 1,000 feet of a school. In 1986 it was amended to include those manufacturing controlled substances within 1,000 feet of a school. In 1988 it was further amended to include those "possessing with intent to distribute ... a controlled substance ... within one thousand feet of" a school. As amended, it provides:

> Any person who violates section 841(a)(1) or section 856 of this title by distributing, . possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college, or university ... is ... punishable (1) by a term of imprisonment, or fine, or both up to twice that authorized by section 841(b) of this title; and (2) at least twice any term of supervised release authorized by section 841(b) of this title for a first offense. Except to the extent a greater minimum sentence is otherwise provided by section 841(b) of this title, a term of imprisonment under this subsection shall be not less than one year.

Research has produced no case directly on point, and no legislative history directly bearing on the question whether the statute applies to a defendant who possesses a narcotic within 1,000 feet of a school, but intends to distribute it much farther away.

The statute is sufficiently ambiguous to be read (as the government urges) to in-

**1014**

clude such a defendant.[1]

The better and more logical construction is rather that the statute reaches those who intend to distribute narcotics within 1,000 feet of a school. This is so for at least the following reasons:

1. It is the more natural reading. The words "within one thousand feet of" would normally be taken to refer to the verb closest to them: "to distribute." *See* W. Strunk, Jr. & E.B. White, *The Elements of Style* p. 30 (3d ed. 1979) ("Modifiers should come, if possible, next to the word they modify.") If the other meaning were intended, the statute would be expected to read "possessing, within one thousand feet of a school, with intent to distribute a controlled substance ..."

2. It is consistent with the purpose of the statute. As stated by the Second Circuit in *United States v. Falu,* 776 F.2d 46, 50 (2d Cir.1985),

> The purpose of the statute is clear from a reading of the legislative history. Congress sought to create a drug-free zone around schools; whether it chose to do so directly or indirectly is not particularly relevant. According to its sponsor, the provision was designed to "deter drug distribution in and around schools," including transactions which "take place in remote outdoor areas, at local hangouts, or at nearby homes or apartments," thereby helping to "eliminate outside negative influences" around schools. See 130 Cong.Rec. S559, supra.

Because the purpose of the statute was to "deter drug distribution in and around schools," including "transactions" which took place near where students gather, there is no policy reason to conclude that Congress sought to punish those possessing a controlled substance within 1,000 feet of a school, but intending to distribute it elsewhere.

In *Falu* the defendant contended that the schoolyard statute "does not apply to an aider and abettor who does not actually distribute or control the distribution of nar-

cotics", *id.* at 48, saying "that application to aiders and abettors could result in conviction under the schoolyard statute of someone who was never within 1,000 feet of a school." *Ibid.* The Court of Appeals disagreed, and in dicta stated:

> We realize that, under this interpretation, an aider and abettor located outside the 1,000–foot zone would be subject to the enhanced penalties of the schoolyard statute. While we do not have to address this problem here, since Falu does not contest the fact that he was within 1,000 feet of a public school, we believe that the statute could apply to such cases, *so long as distribution itself occurred within 1,000 feet of the school.* (emphasis added)

3. It is supported by the rule that "ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *Rewis v. United States,* 401 U.S. 808, 812, 91 S.Ct. 1056, 1059, 28 L.Ed.2d 493 (1971), citing *Bell v. United States,* 349 U.S. 81, 83, 75 S.Ct. 620, 622, 99 L.Ed. 905 (1955).

Accordingly, defendant's Rule 29 motion is granted to the extent of dismissing the charge that she violated the schoolyard statute, 21 U.S.C. § 845a(a).

---

1. Thus presumably including one who drives by a school on his way to make a narcotics sale several miles away.