Reversed and remanded for proceedings consistent herewith.

579 A.2d 341

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
AARON BETHEA, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued July 17, 1990—Decided August 6, 1990.

Before Judges BILDER and STERN.

*Merrill N. Rubin* argued the cause for appellant (*Hayden, Perle and Silber,* attorneys; *Merrill N. Rubin* on the brief).

*Anthony Scordo,* Deputy Attorney General, argued the cause for respondent (*Robert J. Del Tufo,* Attorney General, attorney; *Marijean Raffetto Stevens,* Deputy Attorney General, of counsel and on the brief).

PER CURIAM.

Tried to a jury, defendant was convicted of possession of heroin, *N.J.S.A.* 2C:35–10a(1) (count one); possession of heroin with intent to distribute, *N.J.S.A.* 2C:35–5a(1) (count two); and possession of heroin with intent to distribute within 1,000 feet of school property, *N.J.S.A.* 2C:35–7 (count three). The trial judge merged the first count into the second and sentenced defendant thereon to the custody of the Commissioner of Corrections for 5 years. On the third count, defendant was sentenced to 5 years, with a mandatory 3 year parole ineligibility term, concurrent with the sentence imposed on count two. Separate mandatory Drug Enforcement Demand Reduction and Violent Crimes Compensation Board penalties and Forensic Laboratory fees were imposed. Defendant's driver's license was also suspended. No issue is raised with respect to the sentence.

On this appeal defendant argues:

I. A CONVICTION CANNOT BE OBTAINED UNDER N.J.S.A. 2C:35–7 (THE 'SCHOOL ZONE STATUTE') WHEN THE STATE PROVES POSSESSION OF NARCOTICS WITHIN 1,000 FEET OF A SCHOOL BUT FAILS TO DEMONSTRATE THAT THE DEFENDANT INTENDED THAT THE NARCOTICS BE DISTRIBUTED WITHIN THE SCHOOL ZONE.

II. THE TESTIMONY OF THE STATE'S EXPERT IMPERMISSIBLY CONSTITUTED AN EXPRESSION OF HIS OPINION THAT DEFENDANT WAS GUILTY OF THE CRIME CHARGED AND FURTHER TAINTED THE FAIRNESS OF THE TRIAL BY INTRODUCING HIGHLY INFLAMMATORY, IRRELEVANT MATTERS.

A. The State's Expert Impermissibly Expressed His Opinion as to Aaron Bethea's Guilt Regarding Intent to Distribute CDS.

B. The Expert's Testimony Included Inflammatory References Which Were Calculated to Prejudice the Jury.

On the late evening of March 24, 1988, Police Officers Torner and Perrotti, of the Elizabeth Police Department, were on routine patrol when Torner observed defendant walking towards them, drop an object, continue towards them and then reverse direction and walk away. The officers exited their patrol car, and Perrotti patted down defendant as Torner went to the location where the object was dropped a few yards away. Torner picked up a plastic bag which contained numerous little envelopes which he suspected to contain heroin. According to the testimony of the City Engineer, these events occurred within 1,000 feet of a school.

Investigator Kevin Foley of the Union County Narcotics Strike Force was qualified as an expert and testified for the State. He described the process by which he and other investigators decide whether a defendant's possession is with intent to distribute and testified that "[t]he main motive" of the sale of drugs "is to make money" on which no taxes are paid.

Defendant testified on his own behalf and denied that he possessed or dropped a package of drugs. He testified that the police just "walked over" to him with their "guns drawn" and that there was a "crowd of people" in the vicinity.

We adhere to *State v. Ogar*, 229 *N.J.Super.* 459, 464–471, 551 *A.2d* 1037 (App.Div.1989) and conclude that defendant did not have to intend to distribute the drugs within the school zone in order to be convicted under *N.J.S.A.* 2C:35–7. It may be true that the federal cases cited in *Ogar* did not examine the 1988 amendments to 21 *U.S.C.* § 845a(a), as did *United States v. Roberts*, 735 *F.Supp.* 537 (S.D.N.Y.1990), and *United States v. Liranzo*, 729 *F.Supp.* 1012 (S.D.N.Y.1990), but *Ogar* examined the New Jersey legislative history. Further, the federal statute does not embody the "affirmative defense" provision of *N.J.S.A.* 2C:35–7, and as Judge Scalera stated in *Ogar*, "[u]nlike *N.J.S.A.* 2C:35–7 ... the federal law contains no private-residence exception, and it does not create a separate offense. Rather, it is a penalty-enhancement statute." 229

*N.J.Super.* at 469, 551 *A.*2d 1037. The same is true under the 1988 federal amendment.

In this case the expert witness expressly testified, in response to a hypothetical question, that "[t]here'll be no doubt in my mind that whoever, what person or persons possessed this, the amount of heroin packaged this way, in that area, and at that time of day, or night, doesn't matter down there, will possess it with the sole intention of possessing it with the intent to distribute these." Investigator Foley also discussed the factors considered by law enforcement officers in deciding whether to charge the defendant with simple possession, or possession with intent to distribute. He stated, among other things, "[a]fter we prepare a report, and we submit it into the file, whether we think that this case is strong enough to be possession with intent, or we just make a recommendation of possession only, to drop the possession with intent charges." Defendant contends that this statement referred to the specific case and indicated Foley's opinion as to defendant's guilt. Defendant also contends that Foley's testimony, regarding the way heroin addicts use "heroin works" and "narcotics paraphernalia" "raised the specter of the infections that are often transmitted by dirty needles" and suggested that anyone who sells drugs is also guilty of tax evasion.

There was no objection to the testimony of Foley at any relevant time during the trial. In *State v. Odom,* 116 *N.J.* 65, 560 *A.*2d 1198 (1989), the Supreme Court held that expert testimony could be introduced by the State with respect to defendant's intent to distribute a controlled dangerous substance. While the expert cannot express his or her opinion concerning defendant's guilt, the expert can indicate the facts or factors which lead him or her to conclude, "based on the facts in evidence," that there was an intent to distribute. *Id.* at 79, 560 *A.*2d 1198. Even if Investigator Foley's references were understood to refer to the decision making process in this case, we find no prejudicial error warranting reversal of this

matter tried before *State v. Odom* was decided. The fact that there was no objection gives rise to an inference that counsel did not perceive any prejudice, and in any event we are convinced that any errors in the scope or form of the expert testimony had no impact in terms of the result. *R.* 2:10–2.

The judgment under review is affirmed.