See also 777 F.Supp. 44.

Vincent Jankowski, Washington, D.C., for Anthony McDonald.

Kirby Behre, Asst. U.S. Atty., Washington, D.C., for U.S.

**UNITED STATES of America**

**v.**

**Anthony McDONALD.**

**Crim. No. 91–502.**

United States District Court, District of Columbia.

Nov. 6, 1991.

### MEMORANDUM OPINION

THOMAS F. HOGAN, District Judge.

The defendant in this case, Anthony McDonald, is charged in count I with possession with intent to distribute five or more grams of crack cocaine and in count II with possession with intent to distribute crack cocaine within 1,000 feet of a public elementary school. Because of a conflict over appropriate jury instructions, the Court writes briefly to rule on the issue.

In its proposed jury instructions, the government has asked that the Court not include the quantity of crack cocaine as an element of the offense of possession with intent to distribute. The government also asks that the amount be redacted from the indictment so that no reference is made to the quantity at issue. The defendant opposes the government's request, arguing that the jury must be specifically instructed that they must unanimously find, be-

yond a reasonable doubt, that the defendant possessed five grams or more of crack cocaine.

The substantive statute that defendant is charged under is found at 21 U.S.C. § 841(a). This statute makes is unlawful for any person to "knowingly or intentionally ... manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). The act described in the statute is unlawful regardless of the amount of the controlled substance manufactured, distributed, or possessed with intent to distribute. The quantity of the controlled substance becomes relevant only with respect to subsection (b) of the statute, which prescribes penalties. That subsection of the statute provides that any person who violates subsection (a) by possessing five or more grams of a mixture that contains cocaine base shall be sentenced to a mandatory minimum term of imprisonment of five years. 21 U.S.C. § 841(b)(1)(B).

Virtually every circuit court that has addressed the issue has held that the quantity of drugs involved in an offense under 21 U.S.C. § 841(a) is relevant only to the sentence that will be imposed and is not an element of the offense. *See e.g., United States v. McHugh*, 769 F.2d 860, 868 (1st Cir.1985); *United States v. Campuzano*, 905 F.2d 677, 679 (2d Cir.1990); *United States v. Gibbs*, 813 F.2d 596, 599 (3d Cir.), *cert. denied*, 484 U.S. 822, 108 S.Ct. 83, 98 L.Ed.2d 45 (1987); *United States v. Powell*, 886 F.2d 81, 85 (4th Cir.1989); *United States v. Brown*, 887 F.2d 537, 540 (5th Cir.1989); *United States v. Hodges*, 935 F.2d 766, 769 (6th Cir.1991); *United States v. Acevedo*, 891 F.2d 607, 611 (7th Cir.1989); *United States v. Padilla*, 869 F.2d 372, 381 (8th Cir.), *cert. denied*, 492 U.S. 909, 109 S.Ct. 3223, 106 L.Ed.2d 572 (1989); *United States v. Normandeau*, 800 F.2d 953, 956 (9th Cir.1984); *United States v. Jenkins*, 866 F.2d 331, 334 (10th Cir.1989).[1] The only court to reach an arguably different result is the Eleventh Circuit. In *United States v. Alvarez*, 735 F.2d 461, 468 (11th

Cir.1984), decided well before the rest of the circuits had occasion to address the issue, the Eleventh Circuit held that a defendant may not be sentenced to a mandatory minimum pursuant to 21 U.S.C. § 841(b)(1)(B) unless the indictment charged the defendant with possessing a specific minimum quantity of drugs. This court and others have distinguished *Alvarez* as being founded on a need to give the defendant notice of the potential for an enhanced penalty rather than on a holding that quantity is an issue that the jury must determine as an element of an offense under § 841(a).

Moreover, the courts in *Powell* and *Hodges* specifically noted that quantity is an issue for the district court to determine based on a preponderance of the evidence standard. 886 F.2d at 85 and 935 F.2d at 770. Thus, in accordance with a plain reading of the substantive statute and with the authority cited above, this Court holds that the quantity of cocaine base possessed by the defendant is not an essential element of the crime of possession of a controlled substance with intent to distribute. Accordingly, the Court will grant the government's request to eliminate quantity as an essential element of the offense in its instruction to the jury. The Court will briefly reserve ruling on the issue of whether to redact the quantity from the indictment.

---

1. To date, the District of Columbia Circuit has not ruled on the issue.