**UNITED STATES of America**

v.

**Sylvester WATSON.**

**UNITED STATES of America**

v.

**Isaac PEYTON.**

**Crim. Nos. 91–0622 (HHG), 91–0701 (HHG).**

United States District Court, District of Columbia.

March 24, 1992.

---

George Lane, Asst. U.S. Atty., Washington, D.C., for U.S.

Jonathan Zucker, Washington, D.C., for defendant Watson.

Gerald I. Fisher, Fisher, Morin & Kagan–Kans, Washington, D.C., for defendant Peyton.

## MEMORANDUM

HAROLD H. GREENE, District Judge.

Both defendants in this case were charged with (1) possession with intent to distribute five or more grams of cocaine base (crack) under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), and (2) possession with intent to distribute a detectable amount of cocaine base within 1000 feet of a school under 21 U.S.C. § 860(a).[1]  Each was acquitted by the jury.  The Court orally ruled on two issues which arose in the context of jury instructions.  This Memorandum supplements the bases then provided for those decisions.

### I

■ The first issue concerns the proper interpretation of the statute governing possession with intent to distribute a controlled substance within 1000 feet of a school.  The statute provides that

> Any person who violates section 841(a)(1) or section 856 of this title by distributing,

---

1. Defendant Peyton was originally charged with a third count of using and carrying a firearm in relation to a drug trafficking crime but this was dismissed consistent with *United States v. Bruce,* 939 F.2d 1053 (D.C.Cir.1991).

The defendants were indicted separately, but their cases were joined by order on February 12, 1992.

possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college, or university or a playground ... [shall be subject to enhanced penalties].

21 U.S.C. § 860(a). The issue in dispute is whether the clause "within one thousand feet" of a school modifies only the possession of drugs, or also the intent to distribute. The government argues that it is required to prove only that the defendant possessed drugs near a school, and that the question of whether that defendant intended to distribute the drugs near a school or elsewhere is irrelevant. The defendants contend that the prosecution must prove both that a defendant possessed drugs within 1000 feet of a school and that he intended to distribute the drugs within 1000 feet of a school.[2] For the following reasons, the Court regards the latter interpretation as correct.[3]

First, the statute is ambiguous. It would have been clear, for example, had Congress drafted the statute to apply to "possession, within one thousand feet of a school, with the intent to distribute," thus indicating that mere possession near a school is sufficient for a violation. Congress, however, did not do so. If anything, the more logical reading of the statute would be to assume that the clause "within one thousand feet of" modifies the closer verb which is "to distribute." *See United States v. Liranzo*, 729 F.Supp. 1012, 1014 (S.D.N.Y.1990) (quoting W. Strunk, Jr. & E.B. White, *The Elements of Style*, which states that "[m]odifiers should come, if possible, next to the word they modify.").

Second, the legislative history is likewise ambiguous, but it, too, tends to support the argument advanced by the defendants. That history, to be sure, indicates that Congress intended to create drug-free zones around schools, but it likewise indicates that the legislators were concerned more directly with drug distributions or transactions. *See United States v. Falu*, 776 F.2d 46, 50 (2d Cir.1985) (quoting congressional sponsor as stating that the purpose of statute was to "deter drug distribution in and around schools...."); *Liranzo*, 729 F.Supp. at 1014 (purpose of statute to deter drug distributions and transactions near schools).

Third, the law in this Circuit (as elsewhere) is clear that, where a criminal statute is ambiguous, the rule of lenity dictates that ambiguities be resolved in favor of leniency to the defendant. *United States v. Nofziger*, 878 F.2d 442, 452–54 (D.C.Cir.1989).

Among the policies underlying the rule of lenity is that fair warning must be afforded of what the law requires and that accused persons should be punished only for criminal activity clearly defined by the legislature. *Id.* at 452. These policies would be undercut if the Court were to give this ambiguous statute the broad interpretation the government suggests. The government's argument also contradicts the "venerable principle that a law will not be interpreted to produce absurd results." *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 324 n. 2, 108 S.Ct. 1811, 1834 n. 2, 100 L.Ed.2d 313 (1988) (Scalia, J., concurring in part, dissenting in part).

Given the understandable congressional concern about children involved with drugs, it would be absurd to penalize a defendant who distributes drugs to or in direct proximity to children as severely as one who

---

**2.** The defendants in this case have not argued, and this Court does not hold, that it is necessary to show that the defendant knew that he was near a school at the time of possessing drugs with the intent to distribute them. *See United States v. Falu*, 776 F.2d 46, 50 (2d Cir.1985).

**3.** The Court of Appeals for this Circuit acknowledged this issue in *United States v. Rogers*, 918 F.2d 207, 213 (D.C.Cir.1990), and cited cases

supporting the defendants' argument, but did not reach the issue.

Cases supporting the defendants' argument include *United States v. MacDonald*, 777 F.Supp. 43 (D.D.C.1991) (Hogan, J.); *United States v. Liranzo*, 729 F.Supp. 1012 (S.D.N.Y.1990); *United States v. Coates*, 739 F.Supp. 146 (S.D.N.Y. 1990).

merely possesses drugs but happens to drive, walk, or live within several blocks of a school or playground.[4] In addition, given the likelihood that most drug transactions in the District of Columbia necessarily occur near a school or playground simply because in this urban area there are schools or playgrounds almost everywhere,[5] the United States Attorney would have virtually unfettered authority under the statute to charge each drug defendant either once or twice for essentially the same offense. It is inappropriate for the courts to give the statute such a broad, so overreaching meaning in the absence of clearer language than is present here.

## II

The second issue which arose in this case and a number of cases previously before this Court is whether the amount of the drugs being possessed constitutes an element of the crime under 21 U.S.C. § 841.[6] This Court has consistently held that where, as here, the indictment charges a defendant with knowing possession with intent to distribute five grams or more of cocaine base, the government must be put to its proof as to each element. If the government cannot prove the amount of drugs, it has been the view of this Court that it should not request the grand jury to indict a defendant for it.

■ Subsequent to this Court's ruling, however, the Court of Appeals for this Circuit addressed this issue in a footnote, stating "we note, as have numerous other courts, that the quantity of drug possessed is not a constituent element of the offense of possession with intent to distribute under 21 U.S.C. § 841(a). Quantity is relevant only to punishment; the district judge, and not the jury, makes this determination." *United States v. Patrick,* 959 F.2d 991, 996 n. 5 (D.C.Cir.1992) (citing other Circuits).

■ In light of this opinion—by which this Court is of course bound—holding that the amount of drugs should not be considered an element under 21 U.S.C. § 841, it is worth noting that serious double jeopardy problems arise if the government prosecutes under both that statute and 21 U.S.C. § 860. Under 21 U.S.C. § 841, the elements of the offense, in light of *Patrick, supra,* are (1) knowing (2) possession of a controlled substance (3) with the intent to distribute. The elements under 21 U.S.C. § 860 are (1) knowing (2) possession of a controlled substance (3) with the intent to distribute (4) within one thousand feet of a school. On that analysis, the first count becomes a lesser included offense of the second count, and prosecution of a defendant under both statutes would be unconstitutional under *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). *See also, United States v. Williams,* 782 F.Supp. 7 (D.D.C. 1992) (J.H. Green, J.).[7]

---

4. This scenario in fact arose in *United States v. Coates,* 739 F.Supp. 146 (S.D.N.Y.1990). The defendants in that case were arrested on a train in New York City's Penn Station. The defendants, however, intended to transport cocaine to Maryland for distribution there. The Court dismissed the charges under the predecessor statute to 21 U.S.C. § 860, noting that a contrary ruling "would be to mandate charging a schoolhouse count every time defendants on trains, or any other means of transportation, speed by a school on their way to a narcotics sale." *Id.* at 153.

5. There are almost 400 elementary, junior high, and high schools and public recreational centers in the city. This does not even count all the playgrounds, colleges, and video arcade facilities which are also referred to in the statute.

6. The government did not raise this issue in the instant case, perhaps because this member of the Court has previously held that the amount of drugs possessed is an element of the offense. The defendant did raise the issue tangentially by requesting that the jury be instructed that the first count is a lesser included offense of the second count. This necessarily raised the question of the amount of drugs because, as discussed *infra,* the first count could only be a lesser included offense of the second count if the amount of drugs possessed is not considered an element of the first count. The Court denied the request.

7. If the amount of the drugs were regarded as an element of the first count, a result now foreclosed by *Patrick,* that count would require proof of a fact (the amount of drugs) that the second count does not. The second count, in turn, would require proof that the transaction occurred within 1000 feet of a school, a fact which need not be proved under the first count.

For the foregoing reasons, it is the Court's view that when a defendant is charged with possession with intent to distribute drugs under 21 U.S.C. § 860, the prosecution is required to prove that he intended to distribute the drugs within the areas designated under the statute.

Thus, if the amount or weight of the drugs were considered an element of the charge under 21 U.S.C. § 841, there would no violation of *Blockburger.*